## Finney *against* Cochran.

It is not a valid objection to the admission of the evidence of a claim, that it is barred by the statute of limitations.

Trusts which are not affected by the statute of limitations are those technical and continuing trusts which are not cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of a court of equity.

If a joint suit be brought against two obligors, one of whom dies pending the action, and the plaintiff takes a judgment against the survivor, the estate of the deceased obligor is thereby discharged from liability.

ERROR to the Common Pleas of *Dauphin* county.

This was an action for money had and received by David Ferguson for the use of John Cochran against Thomas Finney, to which the defendant pleaded *non assumpsit, non assumpsit infra sex annos*, and payment with leave, &c. The suit was instituted on the 27th of March 1840.

The plaintiff gave in evidence the following receipts, bonds and records:

" Received, March 29th 1824, of David Ferguson, four bonds, payable by Jacob Frantz and Philip Brown, for $400 each; the first of them becomes due on the first day of May in the year 1826; the second on the 1st May 1827, the third on 1st May 1828, the fourth on 1st May 1829, which bonds I give to Thomas Finney to save and keep the said Finney harmless from any costs or trouble he may have for his endorsing a note for me in the Harrisburg Bank, of twelve hundred dollars. Witness my hand the day and year aforesaid. The four bonds above amounting to $1,600.

" Received by me,
" Thomas Finney."

" Received, May 5th 1824, of David Ferguson, two bonds payable by Jacob Frantz and Philip Brown, to Adam Brightbill, each

[Finney v. Cochran.]

bond for $400; the first bond becomes due on the 1st May 1830, the second on 1st May 1831, and an assignment of the one-half of four hundred acres of land on the Blue mountain, held by warrant from the commonwealth by Samuel Finney, deceased, and the said David Ferguson, which bonds and land I leave in the hands of said Thomas Finney, to indemnify him for his father, the said Samuel Finney being bound or bail in a bond to Mary Milligan, and now in suit, and one note payable by the said David Ferguson, to the aforesaid Samuel Finney, amounting now with interest to ——————

"THOMAS FINNEY."

Plaintiff then further offered—Bond dated 6th April 1819, payable 1st May 1826, for $400, with the receipts thereon endorsed, one dated May 17th 1826, for $396. February 18th 1828, balance of within bond in full.

Bond payable 1st May 1827, for $400, with the receipts thereon dated February 18th 1828, for $23. August 4th 1828, for $36. December 13th 1828 for $65. February 2d 1829, for $50. June 22d 1829, balance of bond in full.

Bond payable 1st May 1828, for $400, with the receipts thereon endorsed, dated June 22d 1829, for $240. December 26th 1829, $130. March 31st 1830, balance of bond in full.

Bond payable 1st May 1829, for $400, with the receipts thereon, dated June 12th 1830, for $55. December 8th 1830, $200. February 5th 1831, $55. October 11th 1831, balance of bond in full.

Bond payable 1st May 1830, for $400, with the receipts thereon, dated 6th December 1831, for $55. March 6th 1832, $180. June 6th 1832, $200. September 7th 1835, $5.66, and $6.72, January 18th 1837.

Bond payable 1st May 1831, for $400, with receipt thereon endorsed, dated September 7th 1835, $190.46. January 18th 1837, $228.66. February 8th 1837, $106.37, in full.

To the admission in evidence of all of which receipts, (prior to the 27th March 1834,) except the five last, defendant objected, that they were more than six years before suit brought, and were barred by the statute of limitations, which objection the court overruled, and admitted the evidence, to which defendant's counsel excepted.

David Ferguson sworn. Thomas Finney told me he had sold a tract of land in the year 1825 for two dollars per acre; there was 122 acres of it. I made a deed to Thomas Finney for the land. He told me he had sold the land, and received the money for it, *more than six years before this suit was brought.* To this evidence, as being of the same nature as in first bill of exceptions, defendant's counsel objected. The objection overruled,

L.—15                    K *

[Finney v. Cochran.]

Record of suit in Dauphin Common Pleas, of November 7th 1823, No. 56.

Record of suit in same court of November 7th 1823, No. 57.

*Dauphin county, ss.*

In the record of the Court of Common Pleas of said county, of November term, 1823, it is thus contained:

Mary Milligan
*v.*
Samuel Finney and
David Ferguson, Esq. } Summons in debt on bond not exceeding 700 dollars. October 17th 1823, plaintiff's statement filed.

Mary Milligan
*v.*
Samuel Finney and
David Ferguson, Esq. } *Scire facias* to Ann Finney, Thomas Finney, and William Finney, administrators of Samuel Finney, deceased, to make them defendants in the room of said Samuel Finney, deceased, who was a defendant in this suit. Con.

November 26th 1823, Fisher appears for the administrators of Samuel Finney deceased, and pleads that no *scire facias* can issue in this suit, there being a surviving obligor.

Mary Milligan
*v.*
David Ferguson and
Samuel Finney. } Summons in debt on bond not exceeding 1200 dollars. Oct. 17th 1823, statement filed.

Fisher appears for David Ferguson, prays oyer of writ. Count and imparls specially. The death of Mary Milligan suggested. And now, to wit, 18th of March 1840, David Ferguson, the surviving defendant in this suit, confesses judgment for plaintiff for the sum of eight hundred dollars, with interest from 7th of April 1822, with release of errors.

Mary Milligan
*v.*
David Ferguson, Esq.
Samuel Finney.
57 Nov. 1823. } *Scire facias* to Ann Finney, Thomas Finney, and William Finney, administrators of Samuel Finney, deceased, to make them defendants in the room of said Samuel Finney, deceased, who was a defendant in this suit. Fisher appears for the
Administrators of Samuel Finney, deceased, and pleads that no *scire facias* can issue in this suit, there being a surviving obligor.

David Ferguson. I was principal in one of these bonds, the one in which I confessed a judgment on the 18th of March 1840: that debt I have never paid.

[Finney v. Cochran.]

Cross-examined—I cannot recollect that I confessed a judgment one year ago in this suit.

Defendant's evidence :

Single bill, dated 19th of April 1822, payable sixty days after date, with interest from date.  David Ferguson to Samuel Finney, for 212 dollars 25 cents.

Note, dated 9th of February 1825, drawn by David Ferguson, 1200 dollars, payable sixty days after date, at the Harrisburg Bank, to the order of Thomas Finney, and endorsed by Thomas Finney, with endorsement on back, "paid at bank by Thomas Finney, the endorser, 15th of June 1825, principal and interest 1212 dollars 80 cents.  H. Alward, teller."

Single bill, dated 7th of August 1823, for 91 dollars, with interest from date, payable by David Ferguson, to Thomas Finney.

Note, dated 19th of February 1823, for 135 dollars, payable on demand, by Samuel Finney, David Ferguson; and Thomas Finney, to Mathew Hume.

Note, dated 1st of September 1824, for 40 dollars, with interest. David Ferguson to Thomas Finney.

David Ferguson.  (Mathew Hume's note shown to him.)  I may have got all the money called for in this note; it is possible I may have got it; I don't say I did not get it.  It is possible I may have got it.  (Defendant's book shown to witness.)  The 12 dollars charge got from Stouts, I don't deny that it is not correct; 10 dollars, 16th of June 1832, I think it is correct; 6 dollars 77 cents in 1824, I think it correct; 7 dollars charge for two pigs bought at Shade's, correct.  Finney gave me at one time 10 dollars at his own house.  I told Mr Finney, that in collecting these bonds, to be as easy and indulgent with Mr Brown as he could.  I know that Mr Finney had to go to Lebanon about these bonds.  Defendant, after showing that this suit was brought 27th of March 1841, closed.

Plaintiff then gives in evidence a credit, in Thomas Finney's account on estate of Samuel Finney, of 151 dollars 20 cents, paid Mathew Hume, and his final account on which balance decreed on 11th of February 1836, in favour of accountant of 613 dollars 72½ cents.

The Court thus charged the jury :

This is an action for money had and received by plaintiff against defendant, and the plaintiff's claim arises on two receipts which have been given in evidence, and a construction of those receipts decides one question of law raised in the cause.

By virtue of those receipts the defendant, Thomas Finney, became the trustee of David Ferguson, for a particular and specified purpose; that was, to collect this money and pay it or retain it on certain debts due from the said Ferguson to said Finney and his father—also, the sum for which Samuel Finney was bail.

[Finney v. Cochran.]

The defendant alleges, by way of defence, that the statute of limitations is a bar to a recovery of all the money received on those bonds, prior to six years from the 27th March 1840, when this suit was brought.

We instruct you as a matter of law, that the statute of limitations, under all the facts in this cause, forms no defence here, but the defendant must be charged with all the money he received on those bonds, and interest on the same from the time he received the money, deducting therefrom a reasonable compensation or commission for the collection of the same. For this he ought to have an honourable compensation. A trustee or administrator in ordinary cases would be allowed five per cent. The court think the jury ought not to allow him less than five per cent; they may allow him more if they please, as much more as they think will pay Finney for his trouble. He is also to be charged with the 122 dollars, the purchase money of the land; and he must be allowed a commission for that as a compensation for his trouble. Mr Finney is likewise entitled to a credit on all the notes due by Ferguson to him, and what he owed Samuel Finney, the father of defendant.

But we say that no money can be retained by defendant for the bond where Samuel Finney was bail to Mary Milligan. We instruct you as the law of the case, that the estate of Samuel Finney is discharged from any legal claim on the part of Mary Milligan. That by her bringing a suit against David Ferguson and Samuel Finney, jointly, she made them joint obligors, and Samuel Finney dying pending the suit, and the plaintiff accepting the judgment of the co-obligor, this is a discharge of the estate of Samuel Finney, and therefore, under the facts disclosed, the defendant cannot retain any thing out of this money to secure that estate against any liability on that account—this obligation has ceased.

The only matter of fact in dispute is in relation to the note given to Mathew Hume by Samuel Finney, David Ferguson, and Thomas Finney. If the jury believe this was the debt of David Ferguson alone, then Mr Finney is to be credited with the whole. If you believe it was the debt of Samuel Finney, and David Ferguson and Thomas Finney were the bail, then defendant can be allowed only the one-half.

Errors assigned:

1. The court erred in admitting in evidence the receipts of money prior to 27th of March 1834, as specified and set forth in the bills of exception.

2. The court erred in charging the jury, that by virtue of these receipts (to wit, of the 29th of March, and 5th of May 1824) the defendant, Thomas Finney, became the trustee of David Ferguson, so as to defeat the operation of the plea of the statute of lim-

itations, as to all payments to, or receipts of money by him, on the bonds given in evidence, prior to 27th of March 1834; inasmuch as if this is to be considered in the nature of a trust, it is not " one of those technical and continuing trusts, which are not cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction of chancery."

3. The court erred in charging the jury, " that the statute of limitations, under all the facts in this case, forms no defence here, but that the defendant is to be charged with all the money he received on those bonds, and interest on the same, from the time he received the money," as also the sum of 122 dollars purchase money of the land; inasmuch as neither in point of law or fact, was there any thing to defeat the operation of the statute of limitations as to all payments made to, or receipt of money by defendant, on those bonds, *except the sums of* $5.66, and $19.46 on the 7th of September 1835; $6.72, and $228.66, 18th of January 1837, and $106.37 on the 8th of February 1837.

4. The court erred in charging the jury, that " no money can be retained by the defendant for the bond, where Samuel Finney was bail to Mary Milligan," inasmuch as suits having been brought against Samuel Finney in his lifetime, and afterwards against his representatives, by Mary Milligan, a deduction or fair and reasonable allowance for their expense, trouble, and counsel fees, was (under any aspect of that matter) at least allowable.

*J. A. Fisher*, for plaintiff in error, on the subject of the act of limitations, cited 7 *Johns. Chan.* 90; 1 *Watts* 275; 2 *Rawle* 302; 17 *Eng. Com. Law* 191; 14 *Eng. Com. Law* 313; 20 *Eng.* *Com. Law* 334.

*M'Cormick*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—This action was brought in the court below by John Cochran, for his use, in the name of David Ferguson, against Thomas Finney, for money had and received by him for the use of the latter. The first error is a bill of exceptions to the opinion of the court, admitting evidence of the receipt of moneys by the defendant below, more than six years before the commencement of the action. The objection made to the admission of this evidence was, that it went to show moneys received by the defendant more than six years before this suit was brought; and as he had pleaded the statute of limitations in bar to it, the evidence was therefore inadmissible. This was certainly no sufficient objection to the admission of the evidence, because the plaintiff might have other evidence to give which would take the debt created by the receipt of the money, out of the operation of the

statute; but before he could do this, it was necessary that he should show the previous existence of the debt. The evidence was therefore properly admitted for this purpose.

The second and third errors present but one question; and that is:—Was the statute of limitations applicable to any portion of the plaintiff's claim? The court below held that it was not, and so instructed the jury. In this, however, we are of opinion that the court erred. The opinion of the court seems to have been founded on the idea, that the defendant was a trustee for the plaintiff, and that he received all the money in that character, which the plaintiff sought to recover in this action. No doubt the defendant was a trustee, and as such received the moneys upon the bonds which were committed to his charge by the plaintiff. The receipts given by the defendant for the bonds, upon which he received the moneys afterwards, show clearly that the trust was express and direct. Every person who receives money to be paid to another, or to be applied to a particular purpose, to which he does not apply it, is a trustee, and may be sued, either at law, for money had and received, or in equity, as a trustee for a breach of trust, per Chief Justice Willes in *Scott* v. *Surman, Willes' Rep.* 404, 405. The reciprocal rights and duties, founded upon the various species of bailment, and growing out of those relations, as between " hirer and letter to hire, borrower and lender, depository and the person depositing, a commissioner and an employer, a receiver and a giver in pledge," are all cases of express and direct trust; and these contracts, as Sir William Jones observes, (*Jones on Bailment, page* 2) are " among the principal springs and wheels of civil society." Yet it is perfectly clear that the most, if not all of these cases, as also all of the like kind, come within the statute of limitations; see *Kane* v. *Bloodgood,* 7 *Johns. Ch. Rep.* 110, 111, where Chancellor Kent, after reviewing the decisions on this subject, has come to the following conclusion: that the trusts intended by courts of equity not to be reached or affected by the statute of limitations, are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper peculiar and *exclusive* jurisdiction of a court of equity. And he expressly refuses to give his assent to the proposition, that all cases of direct and express trust, and arising between trustee and *cestui que trust,* are to be withdrawn from the operation of the statute of limitations, where there is a clear and certain remedy at law. The rule thus laid down by Chancellor Kent seems to be recognized and approved in *App.* v. *Dreisbach,* 2 *Rawle* 302, and *Lyon* v. *Marclay,* 1 *Watts* 275; and indeed it would seem to be dictated not only by authority but sound policy. The word " trust " is frequently used in a very comprehensive sense; and to hold that the statute of limitations is not applicable to any cases which may, even with propriety, be denominated cases of trust, would, in a great measure, defeat,

[Finney v. Cochran.]

as I apprehend, the plain and manifest intention of the legislature. A great proportion of the money transactions in the ordinary business of life, where no instrument under seal passes between the parties, would be excluded from its operation, and a flood of litigation arise after a lapse of six years, which, owing to the length of time, it would be in many instances impossible to determine according to truth and justice between the parties. The trust in the present case was clearly cognizable at law; and for a breach of it the plaintiff might, at any time, have maintained an action at law, in order to be redressed, if he had not delayed so long as to let the statute interpose a bar to his doing so. The last of the money received by the defendant in discharge of the four bonds mentioned in his first receipt to the plaintiff, was as far back as the 11th of October 1831, something more than eight years anterior to the commencement of this action. The whole of the money received on the three first of these bonds, and a part of that received on the fourth, the defendant, by the terms of the receipt which he gave to the plaintiff for the bonds, had a right to retain to reimburse him for the twelve hundred and twelve dollars and eighty cents, paid in June 1825, in discharge of his endorsement for the benefit and accommodation of the plaintiff. But the surplus the defendant was bound and ought to have paid or settled in some way with the plaintiff, without delay, after his receipt of it. If he neglected or failed to do this, the plaintiff might have brought his action for the recovery of it immediately, for it had become a debt due to the plaintiff, which the defendant was bound to pay him without even a demand being made for it. His right to maintain such action, therefore, accrued at the time the defendant received this surplus; and from that instant the statute of limitations commenced running, so that the six years, the time allowed by the statute for commencing suit, had run some two years and a half before it was commenced. But as regards the money received by the defendant in discharge of the two bonds mentioned in the second receipt, given by him for them to the plaintiff, it would rather seem that the statute of limitations had not run so as to form a bar to the recovery of it. The amount of the last of these two bonds had been received by the defendant within six years before the commencement of the action: and the claim of Mary Milligan not being settled but kept up against the estate of Samuel Finney, deceased, until within six years before commencing the action, the defendant, by the terms of his receipt given for the bonds, had a right to retain the money received upon them until the estate of Samuel Finney should be clearly acquitted of all liability from Milligan's claim on a bond then in suit against Ferguson and Samuel Finney as bail in the bond of Ferguson; which would seem not to have been the case, until a judgment was obtained against Ferguson, the plaintiff here, who it appears is the surviving obligor in the bond with

[Finney v. Cochran.]

Samuel Finney to Mary Milligan, and likewise the surviving defendant in the suit brought by her upon the bond against Finney and him, jointly, wherein the judgment was so obtained on the 28th of March 1840, a few days only before the commencement of this action.

The fourth error, which is the last, is an exception to that part of the charge of the court, in which they instructed the jury, that " no money could be retained by the defendant for the bond where Samuel Finney was bail to Mary Milligan. We instruct you as the law of the case, that the estate of Samuel Finney is discharged from any legal claim on the part of Mary Milligan. That by her bringing a suit against David Ferguson and Samuel Finney, jointly, she made them joint obligors; and Samuel Finney dying, pending the suit, and the plaintiff accepting a judgment of the co-obligor, this is a discharge of the estate of Samuel Finney, and, therefore, under the facts disclosed, the defendant can not retain any thing out of this money to secure that estate against any liability on that account—this obligation has ceased." We can perceive no error in this instruction. The judgment, however, must be reversed on the second and third errors.

Judgment reversed, and a *venire de novo* awarded.