## JOHNSON v. SEMPLE.

1. New trial: ACT OF 1866: CONSTITUTIONAL LAW. The act of 1866 (chapter 49), dispensing with motions for new trials, is one relating to the remedy, and is not unconstitutional.

2. Attorney and client: LIABILITY OF ATTORNEY. An attorney is not liable for interest on moneys collected by him, until after demand. Nor for the rents and profits of lands bought in by him in his own name, in the collection of his client's claim, and with which, or the value of which, he is charged.

*Appeal from Van Buren District Court.*

FRIDAY, JANUARY 27.

ACTION by ordinary proceedings to recover money alleged to have been collected by defendant, as, attorney for the plaintiffs upon a claim left in his hands for collection. The cause was tried to the court, which found generally for the plaintiff in the sum of $350.41, and rendered judgment accordingly. The defendant appeals.

*F. Semple, pro se,* for the appellant.

*J. C. Knapp* and *Withrow & Wright* for the appellee.

COLE, J.— I. It is first insisted by the counsel for appellee that, since the cause was tried to the court, which found generally for plaintiff and did not find the facts, and no motion for a new trial having been made, no question is raised by the appeal which this court can pass upon. It is conceded, however, that the legislature attempted to authorize this court to hear and decide such appeals, by chapter 49 of acts of eleventh general assembly (1866); but it is claimed that the act is unconstitutional.

*1. NEW TRIAL: act of 1866: constitutional law.*

. A motion for a new trial was, before that act, the method necessary for raising certain legal questions; the act, in effect, simply waives that method, and stands itself a " perpetual motion " for a new trial in every case, whereby the same questions are raised as by motion might have been raised in each case. In other words, it is a statute regulating the *remedy*, and not one affecting the *right*. It is highly probable, as the counsel suggests, that the title of the act would more properly have been " an act for the relief and benefit of lazy and careless lawyers;" and the claim for this title is greatly fortified by the language of the act, which affords great evidence that it was drawn by one of that class. But even this mistake in the title would not make the act unconstitutional.

II. The only question presented for our determination is, whether the finding and judgment are supported by the evidence. The testimony shows that the claim placed in defendant's hands was for about $800, with ten per cent interest, from May 11, 1858, and was upon an insolvent man and considered almost worthless; that defendant was to take it, manage it the best he could, and conduct any necessary litigation in his own name; that he exchanged the claim with the debtor, for another held by him on a third person; that suit was commenced on the latter in defendant's name, and was prosecuted to judgment against the several parties liable thereon, most of whom were insolvent; that the

*2. ATTORNEY AND CLIENT: liability of attorney.*

cause was taken by appeal to the supreme court, where the judgment was affirmed; that a bill for a review was filed, but this defendant was again successful; that he sold some real estate under execution on his judgment, and bid it in himself at $200; that by garnishment proceedings he collected $168.41; that afterward, by a compromise with the judgment defendants, or some of them, he got $200 cash and 209 lambs at $3 each, making $627, and subsequently got $16 more; total, $1,211.41.

The plaintiff admits in her petition, that the defendant had paid or accounted to her for $481.50 before this suit was brought; and it is further conceded that the defendant paid $350 more before the trial, making total of conceded credits, $831.50. One of the points of real difference between the parties is as to the amount the defendant should be allowed for his services. The district court allowed, as disclosed by the record, the sum of $300 to defendant for his services. This is more than the value of the legal services, as testified to by an experienced attorney conversant with them, having been engaged adversely to defendant in all the litigation. Other attorneys of equal experience, not conversant with the services actually rendered, testify, upon a hypothesis deduced from the evidence, to a much greater value, even, than found by the court. The plaintiff's witnesses state the value of the *legal services;* but the testimony in this case shows that the defendant rendered services as a *party* as well as a *lawyer*, and that the former were more annoying and troublesome, if not of more value than the latter. Taking all the facts as stated in the entire evidence, we should be inclined, if it was purely and wholly an original question here, to allow more than the district court did. But in view of its finding, and the conflict in the evidence upon that point, we accept the finding as binding upon us, and fix the value of the services at $300. This would leave a balance due plaintiff of $79.91 besides interest.

Upon the subject of interest, we have no precise data. That an attorney is not ordinarily liable for interest on money collected by him, until a demand to pay over the same is made, is not controverted, as a legal proposition. When the demand was made is not certain; negotiations were pending for some time before suit brought, in which the defendant offered to turn over the real estate bought by him under the judgment, and offered some money and other real estate, etc., but did not offer as much as the plaintiff was entitled to. This action was brought December 19, 1868; and the $350 was not paid till July 31, 1869. The plaintiff is entitled to interest on this sum, certainly from date of suit, which was an unmistakable demand, up to date of payment, being $12.95, and also to interest on the $79.91, from date of suit till judgment, being $10.09. In view of the fact that the defendant made the collections in property by the authority of the plaintiff, or by their mutual understanding, it is probable that substantial justice will be effectuated by only charging him with interest from date of suit.

The claim of plaintiff to a further allowance of $275, which the district court probably made, is directly negatived by the testimony of the defendant, corroborated by the entry on the judgment docket, that the sale of land for that sum, in Washington county, though in his name, was really for the benefit of another person, and made pursuant to the compromise whereby defendant procured the sheep and money as above stated. The claim for rent of the real estate the defendant bought under the judgment ought not to be allowed. For, the defendant being charged with the real estate itself, or rather with the amount he bid it off at, he very manifestly ought not to pay rent upon it. By the purchase it became his, and he was entitled to receive the rents in his own right. Nor is he entitled to fees for subsequent litigation about it.

The plaintiff, therefore, is now entitled to a judgment

for $102.95, and the same will be rendered in this court against the defendant and his sureties in the appeal bond, if plaintiff elect to take it; or, if not, the judgment of the district court will simply be

Reversed.