## HOLLENBECK v. STANBERRY & SON.

1. **Evidence:** COMPETENCY: ANOTHER ACTION. The testimony of a witness being competent in part and incompetent in part, it is error to exclude that which is competent. The identity of parties as well as of property involved in the pending and in another action may be established by parol.

2. ———: PAYMENT OF JUDGMENT: COPY OF ORIGINAL NOTICE OR SUMMONS. The payment of a judgment may be proved by parol evidence, by a separate written receipt, or by a receipt upon the records of the court. The copy of an original notice or summons signed and certified as such by the proper officer, is as competent as that on which he makes his return.

3. ———: PARTIAL DEFENSE. Testimony may be introduced in detail and the rejection of competent evidence because it does not, unsupported, establish a complete defense, is erroneous.

4. **Attorney:** DEMAND. The commencement of an action against an attorney constitutes a sufficient demand for money collected by him.

*Appeal from Cerro Gordo Circuit Court.*

WEDNESDAY, JUNE 3.

THE plaintiff alleges that the defendants are attorneys at law, and that he delivered to them for collection a note on J. H. Valentine for $270, and interest; that they agreed to collect and remit the same to plaintiff; that they have collected $300 thereon and have failed to remit as agreed, and judgment is asked therefor. The defendants admit the receipt of the note; that they presented it to the maker for payment, and he was not able to pay the same: that shortly afterwards they obtained from said maker certain goods, wares and merchandise valued at $300, in payment of said note; that immediately after they obtained the goods, etc., a petition in bankruptcy against said Valentine was filed, and that one George D. Wood was appointed assignee; that the estate of the bankrupt and maker of the note only paid thirty cents on the dollar; that the said assignee brought suit against them for the said goods, and recovered all but the thirty per cent. thereof; that said thirty per cent. was all that defendants ever

collected. The defendants aver that they have ever been willing to pay said thirty per cent., and now bring the same into court and make a tender thereof to plaintiff. Upon the trial a judgment was rendered in favor of plaintiff for $278.33, the amount of the note and interest. The defendants appeal.

*Stanberry & Son, pro se*, appellants.

*Hartshorn & Flint*, for appellee.

COLE, J.—I. At the trial the plaintiff introduced in evidence the receipt for collection, executed by defendants to the plaintiff, which contained also a copy of the note in question, and rested.

The defendants then admitted that they received the goods, etc., in payment, and gave up the note to Valentine the maker. One of defendants then testified that "shortly after the receipt of the goods * * * Valentine was adjudged a bankrupt; that defendants were sued in the United States District Court, and a judgment was rendered against them for one hundred and fifty dollars debt, and forty-two dollars and eighty-five cents costs; the suit being for the recovery of the amount of goods given by said Valentine to secure defendants in payment of said note." To all this the plaintiff objected because "the record of the proceedings of the court are the best evidence, and cannot use parol evidence to prove a record." The objection was sustained, and the evidence excluded.

Much of the testimony thus excluded was incompetent for the reason stated in the objection; but it was not *all* so incompetent. The defendants might properly identify themselves as being the defendants in the action in the United States Court, and it was also competent for them to prove, by parol, that the goods for which the recovery was had in that court were the identical goods they had received from Valentine, upon the note they held for collection. It was error therefore to exclude all that testimony.

II. The defendants then asked leave to introduce the receipt of George D. Wood, assignee of the estate of Valentine, the

bankrupt, given to defendants upon the payment of the judgment for one hundred and fifty dollars, recovered for the goods, etc.; and also offered to introduce the copy of the original notice or summons served upon them by the United States Marshal, duly signed by the clerk of the United States District Court, requiring said defendants to answer at said court to the said claim of George D. Wood, assignee. Plaintiff objected to each of these, because " the same are not the best evidence; " and the court sustained the objection.

Neither item of evidence, so offered, was vulnerable to the objection made. The payment of the judgment was a fact EVIDENCE: which might properly be proved by parol evidence, payment of judgment. by a separate written receipt, or by a receipt written upon the records of the court, and either would be equally competent. The copy of the original notice or summons served and certified as such by the proper officer, upon the defendant in an action, is as competent and as original evidence as is that whereon the officer makes his return. It is required by law, and its genuineness and correctness constitute the basis of the jurisdiction of the court over the person of the party served.

The fact that these two items of evidence did not constitute an entire or complete defense, cannot now avail the plaintiff. He did not object to the evidence on that ground, nor urge that reason below. And further than this, a party has the right to introduce his testimony, item by item, and he need not offer it all at once; and when competent evidence is rejected he may rely upon such error. Besides, there is nothing in the abstract in this case to show that we have all the evidence before us. There is simply " an agreed statement of facts in evidence " showing the points we have considered. To affirm the judgment, notwithstanding these errors, on the ground that the evidence before us does not show a complete defense, would be to disregard all precedent, and probably effectuate a grievous wrong.

III. The commencement of the suit was a sufficient demand, *Johnson v. Semple*, 31 Iowa, 52. There is nothing to show that interest was allowed before that time. If the defendants had no authority to receive the goods in payment, they would

then only be liable for the value of the note, which would not exceed the amount that could be collected upon it.

REVERSED.

DAY, J., *dissenting.*—I regret that I cannot concur in the foregoing conclusion of my brothers. The action of the court in rejecting the testimony referred to in the first division of the majority opinion, was not assigned as error, nor distinctly urged as such in the argument, and should, as we have frequently held, be disregarded.

Without competent evidence of the bankruptcy proceedings, and of the recovery of a judgment against the defendants the receipt of the assignee, and the copy of the summons by the United States, were entirely immaterial, and if they had been objected to on the ground of immateriality, there can, it seems to me, be no question that the objection should have been sustained. But if they were immaterial, their exclusion worked no prejudice, and we should not reverse for the mere technical error of placing the rejection upon an improper ground. As I view the case, if this evidence had been admitted, it could not have affected the result. The material matters in support of the defense are, that Valentine was declared a bankrupt, that an assignee was appointed, and that this assignee recovered judgment against defendants for the value of the property received by them in payment of the note. These facts established, the defense is complete, without showing actual payment to the assignee; for the incurring of absolute liability to another, by judgment of a competent court, exonerates defendants from liability to plaintiff. But, without showing these facts, proof of payment to the assignee would be altogether unavailing, because not shown to be authorized. For until the appointment of the assignee is properly shown, he stands to the record as a mere third party, and payment to him would be no more efficient than payment to any other person. If, therefore, defendants introduced proper proof of the bankruptcy proceedings, the appointment of the assignee and the recovery of the judgment, the evidence considered in the second branch of the foregoing opinion was

unnecessary. If defendants did not make such proof, the evidence offered was unavailing. In either case its exclusion worked no prejudice. In my opinion the judgment should be affirmed; but my brothers say it must be

REVERSED.