The Supreme Court affirmed the judgment of the Court below in the following opinion delivered October 1st, 1877:
Per Curiam.
We think the Court below decided this case correctly upon the statute of limitations. The action of assumpsit is an action upon the case and falls within the statute. The subject of the action is money merely paid into the Treasury. It is not a voluntary deposit, or other cause of action which arises on demand merely. True a demand is necessary to inform the County of the person who claims title to the money, but it is not a demand arising out of a contract or other ground of liability which makes the demand essential to the cause of action. The moment the money was paid into the Treasury the purchaser’s right to it accrued and a cause of action arose. When the two years from the day of the sale expired, his title to the land became absolute, and not before. At the end of that time, at least, a duty lay upon him to inquire *309 whether a redemption had taken place, otherwise he must remain ignorant of the state of his title. In this case he lay by for over eight years before making a demand. Clearly this delay was at his own risk and we discover no reason why the statute should not apply to the case. It is quite as important that the county should have the benefit of the statute as a private individual. This case evidences the necessity of such a protection; for the County Commissioners were necessarily ignorant of the fact that the money had come into the Treasury, no account of it having appeared in the settlement before the Auditoi’s. The principles of Campbell vs. Boggs, 12 Wr. 524, and Rhine’s Administrators vs. Evans, 16 Smith, 192, are.properly applicable to this case, rather than those which govern technical trusts and stand on a different footing.
Judgment affirmed.
Note. — As between trustee and cestui que trust in express trusts the statute of limitations has no application and no length of time is a bar:
Zacharias vs. Zacharias, 11 Harris, 452; Lyon vs. Marclay, 1 Watts, 275; Finney vs. Cochran, 1 W. & S., 118; Johnson vs. Humphrey, 14 S. & R., 394; Martin vs. Jackson, 3 Casey, 506; Walker vs. Walker, 16 S. & R., 379; Fleming vs. Culbert, 10 Wright, 496; Kutz Appeal, 4 Wright, 90; Sterling’s Estate, 15 Pitts. L. J., 505: Webster vs. Newbold, 5 Wr., 482; Barton vs. Dickens, 12 Wright, 518; Dillebaugh’s Estate, 4 Watts, 177; Maury vs. Mason, 8 Porter, 211; Bertine vs. Varian, 1 Edw. Ch., 343; Redwood vs. Reddick, 4 Munt., 222; Chaplin vs. Givens, Rice Ch., 132; Pinkerton vs. Walker, 3 Hey, 221; Bryant vs. Pucket, 3 Hey,221; Haynie vs. Hall, 5 Humph 290; Armstrong vs. Campbell, 3 Yerg, 201; Pugh vs. Bell, 1 J. J. Marsh, 299; Thomas vs. Floyd, 3 Litt., 177; Piatt vs. Oliver, 2 McLean, 267; Coster vs. Murray, 5 John Ch. 522; Kane vs. Bloodgood, 7 John’s Ch. 90; Raymond vs. Simonson, 4 Blackf 77; Farnum vs. Brooks, 9 Pick 212.
Statute of Limitations does notapply where the liability of defendant is created directly by statute. Angell on Limitations, Sec. 80; Bullard vs. Bell, 1 Mason 243; VanHook vs. Whitlock, 3 Paige 416; Cork R. R. Co. vs. Grode, 76 Eng. Com. Law, Rep. 824; Lane vs. Morris, 10 Georgia 162; Shepherd vs. Hill, 32 Eng. L. & Eq.; Jones vs. People, 1 Saunders R., 38; Ward vs. Reeder, 2 Har & McHen, 154.