Minshall, C. J.
The only question that arises upon the record is as to whether the claim stated in the petition is barred *351 by the statute of limitations. The money sought to be recovered was collected by the deceased while acting as the attorney of the plaintiff. No demand was made until over six years had elapsed after its collection. When the demand was-made he promised to pay it, but. failed to do so. The demand was made in 1880, and he died in the same year, the relation of attorney subsisting up to the time of his death. The claim was presented to the executrix in 1884, and rejected by her; whereupon suit was brought in a few days after, which was some thirteen years after the $10,000 had been received, and seventeen years after the $3,700 had been received.
The claim is certainly barred on the face of the petition, unless it can be brought within some exception to the rule of the statute of limitations. This is sought to be done on several grounds:
1. The first claim is that the relation of attorney and client being a confidental one, the duty imposed by the relation on the attorney gives rise to a continuing and subsisting trust in favor of the client, and is not within the statute. That there are such trusts is well recognized; but it is equally well settled that trusts of this character, are those technical and continuing trusts which are not recognized at law, but fall withiu the proper, peculiar and exclusive jurisdiction of a court of equity. This' was decided in Kane v. Bloodgood, 7 Johns. Ch. 110, after a most elaborate examination of the authorities by Chancellor Kent; and the rule as there stated has generally been followed in this count y. Kinney v. Cochran, 1 W. & S. 118; Glenn v. Cuttle, 2 Grant Cas. 273; Denton v. Embury, 5 Eng. 228; Fleming v. Culbert, 46 Penn. St. 498. Storey Eq. Juris. § 962, Wood. Lim. 418.”
The provision of our code of procedure excepting from the statute of limitations “the case of a continuing and subsisting trust” (§ 4974 Rev. Stats.) is simply an incorporation of this rule. The word “trust” is frequently used in a very comprehensive sense; and, as is well said in Finney v. Cochran, supra, to hold that the statute of limitations is not applicable to any case which may, even with propriety, be denominated a trust, would, in a great measure, defeat the plain and manifest in *352 tention of the legislature. No equitable relief is required in this case; and the remedy adopted is a plain action at law far money had and received, and is not then a case of a continuing .and subsisting trust cognizable only in equity.
2. Again it is said that no action can be maintained .against an attorney for money collected by him for his client, until it has been demanded; and from this it is reasoned, and held in several cases, that no action accrues, and consequently that the statute of limitations does not begin to run, until the demand is made. It is true that it is generally held that an •action can not be commenced against an attorney for money ■collected until a demand has been made by the client. Taylor v. Bates, 5 Cow. 376 ; Ex parte Ferguson, 6 Cow. 596 ; Rathburn v. Ingalls, 7 Wend. 320; Cummins v. McLain, 2 Ark. 402; Stafford v. Richardson, 15 Wend. 305; Weeks Att’y.at-Law, § 308; Krause v. Dorrance, 10 Penn. St. 462. It is not questioned that there may be such circumstances as will dispense with a demand; and in Iowa it is held that the •commencement of the suit is a sufficient demand. Hollenbeck v. Stanberry, 38 Iowa, 325.
But it does not follow, nor do the cases generally hold, that, where there has been no fraudulent concealment of the receipt of the money by the attorney, the statute does not begin to run until-a demand has been made for its payment. The rule is general that in the absence of such concealment, the statute begins to run from the time the money was collected and should have been paid over. The rule as to demand is designed for the protection of the attorney against the annoyance of unnecessary litigation and costs. (Walradt v. Maynard, 3 Barb. 584, 586.) The client has it in his power, by making the demand, to commence the action at any time after the attorney has received the money and refused on demand to pay it over; and, by delaying the demand, he can not prevent the running of the statute.
The cases in which the contrary has been held have generally been overruled. The case of Staples v. Staples, 4 Greenl. 532, is frequently cited in support of the claim that the statute does not begin to run until demand made. All *353 that was necessary to be determined in the case was whether the attorney could be garnished by the creditor of the client. This was pointed out in the subsequent case of Coffin v. Coffin, 7 Maine, 298, where, notwithstanding what was said in the previous case as to the necessity of a demand, it is expressly held that an attorney is liable to an action for money collected by him, in the same manner as any other a^ent, and without a special demand; and that the statute of limitations begins to run from the time he receives the money. This is sustained by Glenn v. Cuttle, 2 Grants Cas. 273, and Stafford v. Richardson, supra; Wilcox v. Executors of Plummer, 4 Pet. 172; Wood Lim. 41.
In McDowell v. Potter, 8 Barr. 189, it was held that the ’statute begins to run from the time the client has notice or means of knowing of the receipt of the money, and that the onus is on the attorney to prove such notice or means of knowledge. The case seems to have been followed in Voss v. Bachop, 5 Kan. 59, with this qualification, that in the absence of proof the court will presume both notice and demand in a proper and reasonable time. But the question could hardly have arisen in that case, so as to make its decision a precedent, as there had been, as found by the court, such misrepresentation on the part of the attorney as to the receipt of the money, as to delay the running of the statute until the fraud had been discovered by the client, which was not until a short while before the action was brought. The case, however, of McDowell v. Potter, must be regarded as overruled by the subsequent case of Campbell, Adm’r v. Boggs, 48 Penn. St. 524, reported sub nomine Glenn v. Cuttle, 2 Grant’s Cas. 273. The latter was the case of an attorney in fact, but, as observed by the judge delivering the opinion, there is “no adequate- ground for a distinction between attorneys in fact and attorneys-at-law. Diligence and skill in the collection, and promptness and fidelity in paying over monies, is required of both. It is reasonable, therefore, that they should have the same measure of protection from the statute of limitations.” And it was there held, in an unusually well reasoned opinion, that where an attorney *354 collects money for his client, and uses no fraud or falsehood to-him in relation to it, the statute commences to run from the time of the collection. The case was approved and applied in-favor of an attorney-at-law in Fleming v. Culbert, 46 Penn. St. 498, where it is said that the previous case was a carefully considered one, and had not been questioned in the ten years that had elapsed since it was considered.
The Holding that the statute does not begin to run until the-attorney has given notice to his client of the collection of the-money, because such is his duty, would seem to misconceive-the reason and policy of the statute of limitations. It might with as much propriety be said that he could have protected himself by paying over the money, because that was as much his duty as to give notice of its receipt. The unreasonableness-of the rule is not in any inconvenience that might attend compliance with it in the first instance, but in overlooking the difficulty that may be encountered, after the lapse of a great number of years, of proving that the notice was in fact given. This might be as difficult as to prove payment itself, if not more so. The policy of the statute is based upon the evanescent character of all testimony, and the consequent difficulty of making a defense to any claim, after the lapse of a number of years.
There is no averment in the j>etition of any misrepresentation or concealment of the collection of the money by the-testator of the defendant ;- and it is well settled that where a plaintiff relies upon such facts to aid his case as against the-statute, and it appears from the face of the petition that it would be otherwise barred, the facts constituting the fraud and the time of its discovery, must be averred in the petition, or it will be open to a demurrer. Wood Lim. 590; Combs v. Watson, 32 Ohio St. 228, and cases cited at 235; Wood v. Carpenter, 101 U. S. 135, and cases cited. It- is said by Justice Swayne in the latter case, that, “ Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry.”

Judgment affirmed,.