## Derr's Estate.

*Trusts and trustees—Purchase of land for investment—Order of court—Estoppel—Laches.*

A person who is injured by fraud must be prompt in seeking redress. Laches and neglect are always discountenanced. Nothing can call a court of chancery into activity but conscience, good faith and reasonable diligence, and where these are wanting, the court is passive and does nothing. A court of equity does not encourage stale claims, and a party may lose his right to complain of a fraud by his delay.

Where trustees under an order of the orphans' court made after a reference to an examiner, and full investigation, purchase land as an investment for the trust estate, one of the cestuis que trust, who was fifteen years old at the time of the purchase, cannot, sixteen years thereafter, and after one of the trustees had been dead for nearly fourteen years, upon mere general charges of fraud in the matter of the sale, claim to have the sale set aside, and the trustees surcharged. In such a case it is no ground for setting aside the sale that one of the sellers chose to take in payment securities belonging to the trust estate instead of money; or that the land purchased was situated in another county than that in which the order was made.

Argued April 15, 1902.    Appeal, No. 4, Jan. T., 1902, by
plaintiff, from decree of O. C. Luzerne Co., No. 35 of 1885, re-
fusing to set aside sale in Estate of Thompson Derr, Deceased.
Before McCollum, C. J., Mitchell, Brown, Mestrezat
and Potter, JJ.    Affirmed.

Petition to set aside sale and surcharge trustee.
The facts are stated in the opinion of the Supreme Court.
The court below entered a decree dismissing the petition.

*Error assigned* was decree dismissing the petition.

*Charles Hower*, for appellant.—A decree of the orphans' court
is a nullity if pronounced upon a subject over which the court
has no jurisdiction. Even if William H. Richter, as guardian
of appellant, gave his consent to the proceedings in the orphans'
court, that will not give the court jurisdiction because consent
cannot give jurisdiction: Morrison v. Weaver, 4 S. & R. 189,
190; Stoy v. Yost, 12 S. & R. 385, 387; McKee v. Sanford,
25 Pa. 105; Respublica v. Cobbet, 3 Dallas, 476.

It is the general rule that neither lapse of time nor the rule
of analogy, nor any defense analogous to the state of limitations,
can be set up by a trustee of an express trust: Preston v.
Walsh, 10 Fed. Repr. 315; Etting v. Marx's Ex., 4 Fed, Repr.
673; Ellison's Estate, 163 Pa. 315, 322; Kane v. Bloodgood,
7 Johns. Ch. Rep. 110; Barton v. Dickens, 48 Pa. 518; Johns-
ton v. Humphreys, 14 S. & R. 394.

*Henry A. Fuller*, with him *Simon P. Wolverton*, for appellee.
—Petitioner's delay, unexplained, is an insuperable obstacle to
the prayer for cancelation of the decree authorizing investment,
and the deed made in pursuance thereof.

The absence of any specification of fraud is another insuper-
able obstacle to the prayer for the same relief: Max Meadows
Land & Imp. Co. v. Mendinhall, 4 Pa. Superior Ct. 406; Man-
tua Hall and Market Co. v. Brooks, 163 Pa. 40; Blanton v.
Craven, 173 Pa. 374.

The proceeding in the orphans' court effectually refutes
even such allegations as the petition contains, and is another
insuperable obstacle.

The confirmation of trustees' account in 1899 and the absence of legal ground averred to strike it off, is another insuperable obstacle to the prayer for cancelation of decree.

OPINION BY MR. JUSTICE BROWN, May 19, 1902:

The decree below, dismissing appellant's petition, was on a demurrer filed to it by the appellees, and, on this appeal, we have nothing before us but its averments, admitted by the demurrer to be true. In their counter history of the case, the learned counsel for appellees call attention to certain facts regarded as material, but, as they do not appear in the petition, they ought not to be referred to and will not be considered.

The chief ground of complaint in the petition filed in the court below is the purchase by the trustees under the will of Thompson Derr, deceased, of the undivided three fourths of Duncan's island as an investment for their cestuis que trust, one of whom was the appellant. This island formed a portion of the residuary estate of the deceased, an undivided fourth of which, by the terms of his will, admitted to probate March 10, 1885, he gave and devised to Henry H. Derr, John F. Derr and Andrew F. Derr, in trust, as follows : " In trust to enter into possession, take charge of, manage and direct the same and to pay the whole net annual income or profit to arise therefrom to my sister, Mary Catharine Richter, for and during her natural life and from and after her death then in trust to pay the one-third part of said net annual income or profit to each one of the three children of my said sister herein above mentioned until such child shall attain the age of thirty years and thereupon in trust to pay over and convey to such child absolutely his or her full share, to wit, one third part of the whole estate so devised in trust." Mary Catharine Richter, the testator's sister, died September 28, 1885, leaving to survive her a husband, John F. Richter, and three children, Laura E. Richter, William H. Richter and Harriet Richter, now Pawling, the appellant. On March 27, 1886, the trustees presented their petition to the orphans' court of Luzerne county, praying the court to make an order and decree permitting and directing an investment by them as trustees of certain assets in their hands, which were set forth in an exhibit attached to the petition, in purchasing the three equal undivided fourth parts of the said Duncan's island ; this

petition was concurred in by William H. Richter, the guardian of the appellant. The court referred the petition to an examiner, and, upon the filing of his report, made the following decree : " Now, April 24, 1886, the report of examiner to whom above petition was referred, having been filed and confirmed absolutely and it appearing to the court from the said report that due proof has been made of the facts set forth in said petition and that the cestuis qui trustent to wit: William H. Richter, Laura E. Richter and William H. Richter, guardian of Harriet Richter had been duly notified of hearing before said examiner and were in attendance thereon : Now therefore after due consideration the court being of the opinion that the investment prayed for is a safe and desirable one, that it is not contrary to any directions in the said will contained and that the purchase prayed for will not change the course of descent or transmission of any property changed in its nature by virtue thereof do order, adjudge and decree that the prayer of the petitioners be granted and the said trustees be permitted and directed to invest the personal assets set forth in the schedule thereof to the said petition annexed marked ' B ' to the amount of $42,000 in the purchase from H. H. Derr, John F. Derr and Andrew F. Derr of the three equal undivided fourth parts of and in the farm or plantation known as Duncan's island in said petition and schedule fully described and of and in the personalty connected therewith to be held by the said trustees upon the same trusts as are by the said will limited and appointed, touching the one-fourth part of the residuary estate of said testator devised to the said petitioners in trust." The petition, alleging, in general terms, fraud on the part of the trustees in procuring the foregoing decree, asks that it be vacated and set aside and that the deed made to the trustees in pursuance of it be declared null and void. The trustees filed an account in the court below, which was absolutely confirmed on September 15, 1899, but the petitioner prays for another accounting from them, and, without assigning any reason therefor, asks that the decree confirming their said account be set aside.

The allegations of fraud on the part of the trustees are, as was properly said by the learned judge below, " very general in their character and lack that precision and definiteness of statement always required when fraud is the subject of averment."

They are, that the trustees "conceived the fraudulent plan to sell" their interest in the island to themselves as trustees; that, "in furtherance of said preconceived fraudulent intent," they presented their petition to the orphans' court of Luzerne county; that "they very cunningly and fraudulently withheld and concealed from the said court" the fact that the income from the said farm did not pay the expenses incurred in running it; and that, upon "their deceptive proceedings," the orphans' court made the decree complained of. In the tenth paragraph of the petition there appears the only attempt to specify, and the specification therein is nothing more than that, during the single year succeeding the testator's death, the trustees managed the farm, and the income from it was not sufficient to pay its expenses, which included apparently betterments as well as actual operating expenses; but, even if the averments of fraud could be regarded as sufficiently specific, on the face of the petition itself there is found a complete answer to them. Upon the presentation of the petition of the trustees, in 1886, though concurred in by the guardian of the appellant, and, as appears by an exhibit furnished to us by the appellant herself, her sister and brother, who were then sui juris, joined in it, the court did not at once make the decree prayed for, but referred it to an examiner to fully investigate and report, that the conscience of the court might be fully informed; and, only after such report, was the decree made, which will not be disturbed now upon general charges of fraud against the trustees, whose good faith was passed upon by the court sixteen years ago, and after one of them has been dead for nearly fourteen years. Again, when the trustees presented their petition to make the investment, the appellant, as already stated, was in her fifteenth year and was duly represented by a guardian. When she attained her majority, six years later, and could have acted for herself, she raised no question about the conduct of the trustees in asking for a decree authorizing them to make the investment of which she now complains, nor did she take any steps to have that decree set aside for nine years after she had attained her majority. Though her estate was to be held by the trustees for her until she was thirty years of age, it was her right, at any time after she reached her majority, to call the trustees to account for any alleged misconduct, just as her guardian could have done dur-

ing her minority. No excuse is attempted for this great delay. Her petition, unconscionable on its face, ought not to have been entertained by the court below without regard to her laches, which, however, was another controlling reason for dismissing it. "A person who is injured by fraud must be prompt in seeking redress, and he must prosecute his suit with diligence. Laches and neglect are always discountenanced. Nothing can call a court of chancery into activity but conscience, good faith and reasonable diligence, and where these are wanting, the court is passive and does nothing. A court of equity does not encourage stale claims, and a party may lose his right to complain of a fraud by his delay:" Bispham's Principles of Equity, 6th ed., sec. 260.

Though not given as reasons in the appellant's petition why the decree of which she complains should be set aside, and apparently not advanced in the court below when asked to vacate it, we are urged to do so because, first, the orphans' court of Dauphin county, in which the island is situated, alone could direct its purchase, and, secondly, as securities of the testator, taken by the trustees for their wards, and not actual money in their hands, were used in its purchase, the orphans' court had no authority to direct the investment. The Act of April 18, 1853, P. L. 503, relating to the sale of real estate under the direction of the courts, is cited in support of the first reason; but counsel for appellant seems to have confounded a sale by three individuals, selling their own property in their own rights, with one by a trustee or guardian of property held in trust, and which can be sold only under the direction of the court in the instances named and as provided in the act. There was nothing for the orphans' court of Dauphin county to do in connection with this sale, by individuals, over whose property it had no jurisdiction; but it was for the orphans' court of Luzerne county, having jurisdiction of the trustees, to authorize their investment of the trust funds, if proper to be made, in real estate, whether situated in that or any other county; and this is what that court did. Objection is made, however, that, as the authority of the court to direct an investment by a trustee in real estate is found in the Act of April 13, 1854, P. L. 368, and, as it speaks of the investment of moneys, the decree of the court is void, because stocks held by the trustees were used in the

purchase of the island. This position of the appellant ought hardly to be dignified by the suggesion that stocks represent money invested, and, when used to procure other investments, are no less money when taken in kind as such than are their proceeds when converted for the same purpose. These appellees took the stocks in kind, as purchase money for their real estate, and, within the contemplation of the act, they were money for the purpose of purchasing the real estate for their cestuis que trust.

As there were no reasons assigned in the petition for setting aside the absolute confirmation of the trustee's account on September 15, 1899, the court below ought not to have disturbed it, and properly said, " We are bound to presume that the confirmation of the account referred to was made by the court after due publication and in the ordinary course of procedure." Nothing need be said as to the alleged multifarious character of the petition, for the other grounds of demurrer were good. Decree affirmed and appeal dismissed at appellant's costs.