## Streater's Estate.

*Practice, O. C.—Fraud—Gross laches.*

1. When a person against whom an alleged fraud has been perpetrated lies by for twenty years, without causing it to be investigated, he will not then be permitted to show it. From so long an acquiescence, the presumption of law is conclusive that all was done rightly.

2. Appellants, upon the audit of the account of an administrator, claimed that certain fraud had been practiced upon one, under whom they claimed, by a trustee and a deceased attorney, some twenty years before the trustee's death, and some twenty years be-

fore the death of the person against whom the fraud was alleged to have been perpetrated, and who never made any complaint of it. *Held,* it is now too late for the heirs of the person alleged to have been defrauded to do what he neglected to do during his lifetime.

Argued April 15, 1913. Appeals, Nos. 127 and 129, Jan. T., 1913, by Edna Streater Pettebone and Margaret Streater, from decree of O. C. Luzerne Co., Year 1875, No. 566, dismissing exceptions to administrator's account In re Estate of Charles Streater, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to administrator's account. Before FREAS, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions.

*Error assigned* was in dismissing the exceptions.

*John E. Jenkins* and *Will N. Leach,* for appellants.

*William C. Price,* for appellee.

PER CURIAM, May 19, 1913:

By the account of the administrator of S. B. Sturdevant, the deceased trustee, as restated by the court below, the appellants will receive everything to which they are entitled. The matters of which they complain on this appeal occurred more than twenty years before the death of the trustee, and, if any fraud was practiced by him and his deceased attorney, it was upon Charles Streater, in depriving him of income which he ought to have received. He lived for twenty years after the alleged fraud was perpetrated, but never complained of it, and both appeals are dismissed on the following from the opinion of the court below: "The cash considerations mentioned in the deed and the assignment of the bank stock are small considering the length of time

Streater lived, which was a chance that Ryman took. It is clear that all the facts are not known by us, as the parties are all dead. It is now too late for Streater's heirs to do what he neglected to do, as regards the income, during his lifetime: Church v. Winton, 196 Pa. 107; Campbell v. Boggs, 48 Pa. 524; Derr's Est., 203 Pa. 96. The case of Kribbs v. Downing, 25 Pa. 399, involved the transactions of an attorney with his client, and the court disposes of the charges of fraud in the following words: 'When a person, against whom a fraud has been perpetrated, lies by for twenty-one years without causing it to be investigated, he will not then be permitted to show it. From so long an acquiescence, the presumption of law is conclusive that all was done rightly.' "

Appeals dismissed at appellants' costs.