## De Haven *et al.* *versus* Williams *et al.*, Executors of Williams.

1. Co-executors deposited money of the testator with bankers to their joint account as executors; the bankers failed and entered into an agreement with their creditors by which all their property was passed to a trustee for the creditors, and upon all the creditors signing, the bankers were to be released from the debts owing by them.    All the creditors signed; one of the executors signing for the estate.    *Held*, that this did not release the claim of the estate against the bankers.    *Per* HARE, P. J., *adopted by the Supreme Court.*

2. In general the acts of one co-executor bind all, each having full power over the assets.    *Id.*

3. Executors are distinguishable from trustees, who, in equity, form one collective trustee and must execute their office in their joint capacity.    *Id.*

4. One of several co-executors is not answerable for the acts or defaults of his companions unless he be negligent or had notice of some fact making it his duty to interfere.    *Id.*

5. Where executors join in administering the assets, each is responsible for the safety of the fund and is not excused from its loss by the misconduct of his fellow.    *Id.*

6. The place of safe-keeping of the fund must be one where both executors can exercise control or supervision.    *Id.*

7. If executors open a joint account with a banker all must unite in a receipt or check to discharge him; one cannot release him.    *Id.*

February 1st 1876.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* To January Term 1874, No. 256.

This was an action of assumpsit, brought November 1st 1873, by George C. Williams and Daniel Williams, executors, &c., of Anthony Williams, deceased, against Hugh De Haven and Alexander H. De Haven, trading as De Haven & Brother.

The claim of plaintiffs, as filed, was a deposit made by them with the defendants, who were bankers; the affidavit of claim was as follows :—

[De Haven *v.* Williams.]

" That the plaintiffs in this suit, as executors of the last will and testament of Anthony Williams, deceased, lent to the defendants in this suit, at four per cent. interest, on March 30th 1872, $12,608.45; on April 6th 1872, $435; on April 10th 1873, $5630.90; and on April 15th 1873, $3716.01, to be repaid by the said defendants to the said plaintiffs, with interest, when demanded; that on October 6th 1873, there remained unpaid of said loans $10,217.52; that the defendants stopped payment in September 1873, and plaintiffs in this suit claim to recover the same, with interest, from October 6th 1873."

The affidavit of defence was :—

" That a sum of money, as will appear from the copy filed, was deposited with the said defendants by George C. Williams and Daniel Williams, executors of Anthony Williams, deceased; that after the suspension of defendants, in September last, they entered into a composition with their creditors, which was signed by George C. Williams, one of said executors for the said estate, before the bringing of the suit in this case, by the terms of which agreement all the property of said defendants was conveyed to John M. Maris, as trustee for the executors of said defendants. It was further provided that, upon the said agreement being signed by a committee, consisting of Edwin M. Lewis, Samuel R. Parke and William S. Kirk, the agreement shall go into effect and operation.

" It was further provided by the twelfth clause of said agreement, as follows :—

" ' When and as soon as this agreement is signed by the parties of the first part and second part, and the approval thereof is given to it by the committee above mentioned, the said parties of the third part do hereby agree with the other parties hereto, and with one another, that the agreement shall then take effect and operate; and immediately thereupon the parties of the first part, individually and trading as De Haven & Brother, shall be fully and finally released, acquitted and discharged from the several sums due the creditors whose names are subscribed to this agreement.'

" Deponent says, and expects to prove, that the said agreement has been signed by the parties of the first and second parts, and that the said committee have approved the same, and that it has gone into full effect and operation, and that the said George C. Williams, on behalf of said estate of Anthony Williams, has duly signed said agreement; and he avers that said defendants are thereby released and discharged from the debt upon which suit has been brought in this case."

On a rule for judgment, for want of a sufficient affidavit of defence, the court made the rule absolute, Hare, P. J., delivering the following opinion :—

"The question presented in this case is, so far as I am aware,

30 P. F. SMITH—31

one of the first impression. It is, whether one co-executor can, without the knowledge and assent of the other, release a demand arising from a deposit made in the names of both, and agree to look solely to the fund in the hands of the assignee, to whom the debtor has transferred his property for the benefit of his creditors.

" The inclination of the court, in the first instance, was in favor of the validity of the defence, but an attentive examination of the authorities has led to an opposite result. It is well settled, in general, that the acts of one co-executor bind the others, by reason of the confidence reposed in them individually, in consequence of which each has full power over the assets: Beltzhoover *v.* Darragh, 16 S. & R. 327, 329. This is an exception to the rule that when a trust or authority is delegated for mere private purposes, the concurrence of all who are intrusted with the power is requisite to its due execution: Sinclair *v.* Jackson, 8 Cowen 533, 583; and distinguishes executors from trustees, who are regarded by equity as forming one collective trustee, and must, therefore, execute the duties of the office in their joint capacity: Vandever's Appeal, 8 W. & S. 405, 409. Hence, a payment to one executor, or a release from him, extinguishes the debt, although he misapplies the money and no part of it comes to the use of the estate: Herbert *v.* Pigott, 2 C. & M. 384. For a like reason one may, where the circumstances require it, take part and release the residue, or accept goods or securities in satisfaction: Smith *v.* Everett, 27 Beavan 446; Gilman *v.* Healy, 55 Maine 120; and it will make no difference if the case be free from fraud, that the compromise is effected without the knowledge of the co-executor, or that it is against his wishes: Murray *v.* Blatchford, 1 Wend. 583; Herbert *v.* Pigott, 2 C. & M. 384. It results from this principle that one of several co-executors is not answerable for the acts or defaults of his companions, unless he was negligent or had notice of some fact or circumstance rendering it a duty to interfere: Townly *v.* Sherborne, 1 Bridgman 39.

"It is at the same time equally well established that executors may join in the administration of the assets; and such is often the better course as affording an additional guaranty to the creditors and legatees. Under these circumstances each is responsible for the safe-keeping of the fund, and cannot allege the neglect or misconduct of another, as an excuse for a loss which would not have occurred if he had been diligent: Mendes *v.* Guedalla, 2 J. & H. 259. Ordinarily, an executor is not liable for nonfeasance; but if he enters on the execution of any part of the trust he cannot stop short, and must do all that is requisite to conduct the business to a successful termination. An executor who unites in the collection of a debt cannot get rid of his responsibility by leaving the proceeds in the custody of his associate, and should, on the contrary, take such measures as will prevent the fund from being

[De Haven *v.* Williams.]

used without his knowledge. The place of safe-keeping must consequently be one where both can exercise a control or supervision. The authorities accordingly agree that money which has been received by a co-executor should be deposited to the joint account; and if this precaution is not observed, and a loss ensues through the fraud of him who is intrusted with the fund, a chancellor will visit the consequences on both. See Clough *v.* Bond, 3 Mylne & Craig 490; Langford *v.* Gascoyne, 11 Vesey 333. Under these circumstances they are still executors, but executors charged with a fiduciary obligation, which renders them virtually trustees as it regards the assets which they have received and hold in common.

"The existence of such an obligation implies the power to fulfil it. *Lex neminem cogit ad vana seu impossibilia.* It were futile to open a joint account, if one of the depositors could withdraw the money. All must, therefore, unite in the receipt or check, in order to discharge the banker; and it follows that he cannot rely on a compromise or release by one as a defence. This is not so much an exception to the rule, that a payment to a co-executor discharges the debt, as a return to the general rule, to which that is an exception. The right of each executor to act without the concurrence of the rest seems to have been the growth of circumstances. A testator might have assets in different counties, and lying as far apart as Canterbury and York. It might be difficult or impracticable to find any one who was able and willing to assume the whole responsibility, and he might appoint a representative in either province, in the expectation that each would collect what lay nearest to his own door. So one executor may be chosen for his knowledge of accounts, and another for his skill and sagacity in the adjustment of outstanding and disputed claims. Under these circumstances, it would be useless and injurious to require that all should join in acts that can be better performed by one. The privilege is not confined to executors, but extends measurably to trustees, who, as Lord Keeper Coventry observed, in Townly *v.* Sherborne, may permit one of their number to receive all or the most part of the profits without a breach of trust, 'it falling out many times that some of the trustees live far from the lands, and are put in the trust out of other respects than to be troubled with the receipt of the profits.' In this case, as in that of executors, the right to receive necessarily implies the power to give an acquittance.

"It results from what has been said that the right of executors to sever in the execution of the trust is a concession to expediency, which should not be made when the case is one for care and judgment, and it is possible for all to unite without inconvenience. It does not, therefore, exist, where a fund arising from the collection or sale of the assets comes to the hands of two or more executors or administrators, or has been deposited to their joint account.

[De Haven v. Williams.]

Under these circumstances, there is nothing to exclude the principle that persons acting in a fiduciary capacity must concur in every measure affecting the interests which they represent. See Beltzhoover v. Darragh, 16 S. & R. 329, 339; Mendes v. Guedalla."

Judgment was accordingly entered for the plaintiff, and the damages assessed at $10,377.59.

This was assigned for error, on the removal of the record to the Supreme Court by the defendants by writ of error.

*E. G. Platt* and *S. Dickson*, for plaintiffs in error.—Joint executors are possessed of the estate each as of the entirety, and consequently the act of each is the act of all : Bac. Abr. "Exrs. and Admrs.," D., 1 Godolph. 134 ; Williams on Executors 245, 946 ; Toller 37 ; Smith v. Everett, 27 Beavan 447. One executor can compromise any claim which the estate may hold against any one, even though the other dissent : Murray v. Blatchford, 1 Wend. 583 ; Herbert v. Pigott, 2 Cr. & M. 384.

*J. W. Hunsicker*, for defendants in error.—If co-executors are trustees all must unite in executing the trust : Sinclair v. Jackson, 8 Cowen 543 ; Vandever's Appeal, 8 W. & S. 405. Co-executors after the collection of the assets of the testator by them jointly and held in their joint names are trustees, and all must unite in executing the trust : Beltzhoover v. Darragh, 16 S. & R. 329 ; Turner v. Hardey, 9 M. & W. 770 ; Smith v. Whiting, 9 Mass. 334 ; Hertell v. Bogart, 9 Paige 52 ; Ellwell v. Quash, 1 Strange 20 ; James v. Huckley, 16 Johns. 277 ; Hall v. Boyd, 6 Barr 267.

Judgment was entered in the Supreme Court, February 7th 1876,

Per Curiam.—The well-considered opinion of Judge Hare sufficiently vindicates his ruling. For the reasons given by him the judgment is affirmed.