## Williamson's Estate.

*Co-executors—Liability of one co-executor for conversion of funds by the other.*

1. Where one co-executor, while accepting his share of commissions, negligently permits another co-executor to divert money of the estate to his own use, the former will be surcharged with the money so diverted and interest thereon at 6 per cent., although he took no part in the management of the estate.

*Accounts—Adjudication—Allowance of unvouched credits.*

2. An allowance by the auditing judge of a credit in the account for payment of a debt of decedent many years before the account was filed, where there was no evidence tending to show the payment had not been made, was held not to be reversible error, although no voucher was produced.

*Commissions—Allowance of.*

3. The allowance of commissions is within the discretion of the auditing judge, and his action will not be reversed unless clearly erroneous.

*Executors—Uninvested deposits—Surcharge.*

4. Executors who are liable to be called upon at any time for money on deposit in a savings fund which pays interest at from 3½ per cent. to 3.65 per cent., compounded every year, will not be surcharged with 6 per cent. on money which they allowed to remain in the savings fund, as there was no obligation upon them to invest it.

Exceptions to supplemental adjudication. O. C. Phila. Co., Jan. T., 1921, No. 270.

*H. James Sautter,* for John E. McCully, substituted guardian, exceptant.

*Samuel P. Tull,* for Fidelity Trust Co., substituted trustee, exceptant.

*Fell & Spalding,* for George W. Williamson, 3rd, exceptant.

THOMPSON, J., Jan. 23, 1923.—Sarah A. Williamson died July 5, 1906, leaving a will bequeathing her entire estate to Anna E. Williamson, a daughter, who has been declared weak-minded, and John E. McCully appointed committee of her estate by Court of Common Pleas No. 1 of this county. Testatrix appointed her son, George W. Williamson, 2nd, and her grandson, George W. Williamson, 3rd, executors of her will, to whom letters testamentary were granted by the Register of this county in July of 1906. George W. Williamson, 2nd, died April 30, 1917, and their account as executors was filed as stated by George W. Williamson, 3rd, and the same came before this court for audit and settlement on Feb. 10, 1922. The auditing judge, in an adjudication filed Aug. 31, 1922, surcharged the estate of George W. Williamson, 2nd, and George W. Williamson, 3rd, with the sum of $1900, on account of moneys

2 D. & C.

improperly withdrawn by George W. Williamson, 2nd, for his own use, from their account as executors, with interest from the respective dates at 2 per cent., and, further, with the sum of $600, improperly withdrawn by George W. Williamson, 2nd, and paid to his wife for alleged services rendered by her to the decedent, and refused the following requests for surcharge:

1. With the sum of $170.70, credit taken July 30, 1906, in favor of George W. Williamson, 2nd, "in return for payment of bills, etc., for Sarah A. Williamson," and interest on said sum from the date of its payment.

2. With the sum of $275.64, commissions for services rendered as executors, with interest from the dates the same were paid.

3. With interest on the above surcharge of $600.

4. With the amount of interest on undistributed principal of $1881.36 (a saving fund deposit) from July 6, 1907, at the rate of 6 per cent., less a credit of $1263.42, being the amount of interest allowed by the saving fund on said deposit.

Exceptions were filed to the above action of the auditing judge, and same argued before the court in banc.

We are of opinion that the auditing judge was in error in allowing only 2 per cent. on the sum of $1900 withdrawn by George W. Williamson, 2nd, and no interest at all on the sum of $600 paid by him to Mary E. Williamson, his wife, for alleged services rendered by her to the decedent. As these sums were withdrawn from the estate, and as George W. Williamson, 2nd, directly received the benefit of the $1900 and improperly paid to his wife the sum of $600, we think that these sums, with interest at the rate of 6 per cent., should be repaid, and it is so ordered.

Since the argument on the aforesaid exceptions, the adjudication of the account of the executors of George W. Williamson, 2nd, has been opened and payment requested of the two sums above mentioned, of $1900 and $600, with interest at such rate as herein allowed. The exceptions, therefore, filed to the surcharge of the present accountants with the said two sums, are held in suspense until it is ascertained if the same are collectible from the estate of George W. Williamson, 2nd.

The exception to the refusal of the auditing judge to surcharge the accountant with $170.70, credit taken July 30, 1906, in return for payment of bills, etc., of Sarah A. Williamson, is dismissed, for the reason that the action of the auditing judge in reference to said surcharge is largely a matter within his discretion. The items composing said amount are sworn to have been paid for the purposes indicated, and, although no vouchers were produced, on account of the lapse of time and the character of the payments, the auditing judge has found that the same were made. There being no evidence tending to show that the payments were not made as sworn to, we do not think the action of the auditing judge in refusing this surcharge is reversible error.

We do not think the auditing judge committed reversible error in refusing to surcharge the accountants with the amount of their commissions, and especially George W. Williamson, 3rd, as it was largely on account of his receiving the commissions that he was held personally liable for the amounts improperly withdrawn by his father, George W. Williamson, 2nd; furthermore, this is also a matter which is within the discretion of the auditing judge, and we are not inclined to reverse his action unless we clearly think he was in error, which we do not.

We do not think the auditing judge committed error in refusing to surcharge the accountants with 6 per cent. interest on the balance of $1881.36,

on deposit to their credit with the saving fund, from July 5, 1907, for the reason that there is no obligation on the part of the accountants to have invested this sum. They were liable to be called upon at any time for the sum, and as they received no profit or benefit by allowing the same to remain on deposit, and as said balance carried interest at the rate of 3½ per cent., from 1907 to 1909, and thereafter at the rate of 3.65 per cent., compounded every year, we think that the person entitled has received all that is equitably due.

The exceptions filed by the Fidelity Trust Company, substituted trustee of the estate of George W. Williamson, 2nd, are disposed of as follows:

That part of the first exception to the surcharge of the estate of George W. Williamson, 2nd, for the sums of $1900 and $600, is dismissed, and that part which refers to the Fidelity Trust Company as executor of George W. Williamson, 2nd, deceased, is sustained, for the reason that said trust company is not the executor of said estate.

The second exception is dismissed.

The exceptions filed by George W. Williamson, 3rd, are disposed of as follows:

The first and second are held in suspense (as modified by the foregoing opinion) until it is ascertained if the surcharges therein referred to, of $1900 and $600, with interest at 6 per cent. from their respective dates, are collected from the estate of George W. Williamson, 2nd, and if they are so collected, these exceptions are sustained without further order of this court; but if not so collected, said exceptions will be further considered by this court.

The third, fourth and fifth exceptions are dismissed.

The exceptions filed by John E. McCully, substituted guardian of the estate of Anna E. Williamson, a weak-minded person, are disposed of as follows:

The first, second, fourth, fifth and seventh are dismissed.

The third and sixth are held in suspense (as modified by this opinion) until it is ascertained if the surcharges therein referred to, of $1900 and $600, with interest at 6 per cent. from their respective dates, are collected from the estate of George W. Williamson, 2nd, and if they are so collected, these exceptions are dismissed without further order of this court; but if not so collected, said exceptions will be further considered by this court.

NOTE.—As to co-executors, see De Haven v. Williams, 80 Pa. 480.