## Barnet *against* School Directors.

Under the Act of 16th April 1840, a rated inhabitant of a township is a competent witness in a suit to which the school directors of the township are a party.

Such directors may maintain assumpsit for money had and received against a delinquent collector of the school tax.

Where the declaration set forth their individual names, it was held they might be struck out as surplusage.

In such suit, where the appointment of the defendant as collector is lost, it is competent for the plaintiffs to prove that he represented himself as collector, received the school-tax as such, and was, in fact, collector of the township for a certain year.

Where a party notifies a justice of the peace that a deposition is to be taken before him on behalf of the opposite party, and the justice, at his request and in his absence, puts certain questions to the witness, he shall not allege want of notice.

ERROR to the Common Pleas of *Jefferson* county, in which an action of *assumpsit* was brought by Thomas M'Kee and others,

school directors of Young township, against David Barnet, to recover the amount of certain taxes received by him as collector of the school-tax for said township.

The plaintiffs called a witness, who stated that he resided in Young township, and paid taxes. The defendant objected to his competency, but the objection was overruled, and the defendant excepted.

The plaintiffs moved to amend the *præcipe* and writ by striking out the names of Thomas M'Kee *et al.*, so that the suit would be, "The School Directors of Young Township *v.* Barnet," and to make the declaration correspond thereto. The defendant objected to this amendment, but the court overruled his objection and directed the names to be stricken out as surplusage; to which the defendant excepted.

The plaintiffs, after proving by the secretaries of the board of directors for 1839 and 1840 that they found no minutes among the papers in the office of any appointment of collectors, offered to prove that the defendant acted as collector of school-tax for Young township; represented himself as such; received school-tax for said township, and was, in fact, the collector for said township for the year 1840. The defendant objected, but the court overruled the objection and sealed an exception.

The plaintiffs then gave evidence that the defendant acted as collector of the township for the year 1840, and so represented himself; that he had a warrant and duplicate, in which the amount of seated tax charged was $316, and of unseated tax, $180. That notice was served on him by the directors to produce his duplicate. That the Board sent for him to come and settle and get exonerations; and on being asked by the president what he had done with the money, he said, he collected it, and intended to keep it, and have a school in their own district. He refused to pay it over till the Board showed their authority.

The plaintiffs offered in evidence a deposition taken before a justice of the peace; to which the defendant objected on the ground that no notice had been given of the time of taking it. The justice then testified that the defendant told him the deposition was to be taken at his (the justice's) house, on a certain evening, and that he could not attend, but requested the justice to put certain questions to the witness. The deposition was taken at the time appointed, and the justice put the questions to the witness. The defendant still objected to the deposition being read; but the court admitted it to be read, and the defendant excepted.

The defendant proved that he had paid the school-treasurer, at different times, for the year 1840 until 1841 or 1842, on account of seated tax, in all, $71.47.

The defendant requested the court to instruct the jury, that inasmuch as the 8th section of the Act of 1838 afforded a full, complete and adequate remedy against the collector of school-tax,

[Barnet v. School Directors.]

that remedy was exclusive, and an action of *assumpsit* for money had and received could not be sustained.

The court refused to give this instruction, but instructed them that the action of *assumpsit* for money had and received could be sustained. That the plaintiffs were entitled to a verdict for whatever amount the jury believed, from the evidence, the defendant received, deducting the amount paid by him to the treasurer. That there was no evidence, however, that the defendant received any part of the unseated tax, and he could not be charged with it.

The defendant excepted to the charge, and assigned for error the decisions of the court in the bills of exception, and their instruction that *assumpsit* could be sustained.

*Buffington*, for plaintiff in error, referred to the Act of 16th April 1840, *Purd.* (1841) 404; Act of 13th June 1836, sect. 6, *Purd.* (1841) 316; Act of 12th April 1838, sect. 6, *Purd.* (1841) 321.

*Jenks*, contra, cited 2 *Black. Com.* 128; 3 *Reed's Black.* 39; 2 *Dall.* 138; 6 *Serg. & Rawle* 289.

The opinion of the Court was delivered by

ROGERS, J.—A rated inhabitant of a city, county, &c., at common law, is not a competent witness in a suit in which the city or county is a party. But as the interest, which is the ground of exclusion, is, in most instances, very trifling, various statutes in England, and in this country, have been passed, admitting them to testify; making the objection to their credit, rather than their competency. Thus, by the Act of 16th April 1840, sect. 6, it is enacted, "that no person shall be excluded from being a witness or juror in any suit, prosecution or proceeding, in which any county, city, incorporated district, borough or township is a party or is interested, by reason of such person being or having been an officer, rated citizen or inhabitant in such county, city, district, borough or township, or owning assessed or taxable property, or being liable to the assessment or payment of any tax therein." The school directors, it is true, do not come within the words of the Act, but they are substantially included. Every township in the State is, by law, a school district; and, with very few exceptions, the jurisdiction of the school directors is commensurate with the limits of the township. They are not a corporate district, but they are a *quasi* corporation; and, as such, may sue and be sued. The inhabitants of the township, and those holding property in it, are the parties in interest; and the reason of the admission of rated inhabitants applies as well here as in other cases.

The court was right in allowing the amendment. The names of the directors were improperly inserted in the writ, for the school directors sue in their public character, and not in their individual

[Barnet v. School Directors.]

right. Courts, of late, in this State, have been liberal in allowing amendments, particularly where it is plain an adherence to form will do injustice, and prevent a trial on the merits ; and in this we have been carrying out the intention of the Legislature, manifested by several statutes.

We see no error in the third bill. It appears that the record of the appointment was lost ; it was, therefore, competent in an action on the common counts, to prove that the defendant represented himself as collector, received the school-tax as such, and was, in fact, collector of the township for the year 1840.

There is nothing in the objection to the deposition. For, although the defendant may not have had notice of taking it, yet he attended and cross-examined the witness ; or, what is the same thing, the justice, who acted as commissioner, was constituted his agent, and cross-examined the witness for him, according to his instructions. After this, he shall not be permitted to allege ignorance of the time and place of taking the deposition.

It is, however, insisted that the action of *assumpsit* will not lie because the plaintiff has a statutory remedy. By the Act of the 13th June 1836, sect. 6, the president of the board of directors may issue the warrant to the township or borough collector, or to some other suitable person residing within the district, and shall require from him sufficient security to insure the faithful discharge of his duty. But by the 6th section of the Act of the 12th April 1838, it is provided, that the directors shall have power to appoint collectors of the common-school-tax, without requiring bond. And in the 8th section of the same Act, a mode is pointed out to secure the tax, and a remedy is given against delinquent collectors. The latter Act, however, does not repeal the former. The directors may pursue either, as they may deem expedient; that is, by the appointment of a suitable person, requiring sufficient security by bond, or, when the appointee has real estate, by pursuing the directions of the Act of 1838. If, therefore, this is to be viewed as an appointment to office under the first Act, and there is nothing to prevent us so considering it, there is no statutory remedy whatever, and, of course, there can be nothing in the objection to the common law action of *assumpsit*, which is the appropriate remedy to recover monies actually received and in the hands of the delinquent collector. It must be remarked, that this case presents a lamentable instance of the utter disregard of public officers to the plain directions of Acts of Assembly. They have obeyed neither Act. They have failed to take a bond under the Act of 1836; nor have they entered the claim under the Act of 1838. If, therefore, the plaintiff cannot maintain this suit, the township would be without remedy, and the defendant would be permitted, contrary to every principle of justice, to retain money which he received in his character of collector.

Judgment affirmed.