## Kingsley v. The School Directors of Plum Township.

1. The school directors of a district should sue in their public capacity.
2. A trustee of the owners of a building leased to the directors of schools, held liable in trespass for entry before the expiration of the term; nor is it material that the public school had no funds, or that the teacher had not been examined for that year, if he have a certificate and had been examined on a previous occasion.
3. Unless the inhabitants choose a teacher, the board of directors may appoint one.
4. One of three trustees has not authority to put an end to a lease of the property of the charity.

Error to the Common Pleas of Venango county.

There being no bill of exceptions in this case, which was trespass vi et armis, the only error assigned, apparent on the record, was whether the action was rightfully brought by the plaintiff in error. The facts, as they may be collected from an opinion of the court below, &c., will be found in the opinion of this court.

*Pearson* and *Galbraith*, for plaintiff in error.—Purd. 315, act of 13th June, 1836, sect. 1, as to the form of suit. 1 Watts & Serg. 428. Whether they had a right to hold the property, 1 Watts & Serg. 90.

*Howe*, contrà.—6 Watts & Serg. 46.

Burnside, J.—The principal question assigned for error in this case is settled in Barnett v. The School Directors, 6 Watts & Serg. 46, where it was held that school directors should sue in their public capacity and not in their individual names.

They may maintain assumpsit, trespass, or any other action that is suitable to the injury they have sustained. The evidence is not returned with the record. From the charge of the judge, and the points made in the cause, we take it that the schoolhouse in question had been built by the citizens of the immediate neighbourhood by subscription. They elected three trustees, who agreed to let the

school directors have the schoolhouse for five years for a public school, for such period in the year as they would require it, paying one dollar a month while they used it, to be laid out in repairing the building. When the school directors did not require it, the owners of the building had a right to occupy it. There was nothing wrong in this. The school directors had a right by law to have a schoolhouse. The school directors had placed a public school in the building, the lease of which would have expired in about ten days. Such was the impatience of the defendant below to put in a new master, and to obtain possession of the building, that he removed the fastening of the door and entered upon the public school. This was clearly a trespass. He undertook to remove the school and turn out the master. All the schools in the district are under and subject to the supervision of the school directors. A careful examination of the system shows their power and authority; and although the inhabitants of the sub-district may assemble and choose the teacher, if they neglect to do so the school directors may place a teacher in the district. There is no evidence in the case to show that this sub-district ever attempted to act. The plaintiff in error entered as one of the trustees of the owners of the building; one of the trustees was out of the county, and the other trustee forbid him to enter by violence, or removing the fastening from the door. He had no business there, and he had no right to the possession of the building until the public school was ended. There is nothing in the objection that the public school had no funds—that was no business of the defendants below—or that Warner had not been examined in 1840. He had been examined in 1839, and received a certificate, and had also received a certificate for 1840. The trustees of the contributors did not act so as to authorize Kingsley to put an end to the lease. They ought to have met and passed a resolution for that purpose. He was a mere wrong-doer, and possession of the building in the defendants in error was good against him. The law can have no commiseration for such a wanton, meddling, and improper act.

The judgment is affirmed.