## Downey *versus* Garard.

If a suit at law be brought in the name of an equitable claimant describing himself as assignee of the legal party, it is proper to allow an amendment making the legal party the plaintiff for the use of the equitable one.

Where an attorney, on a process issued by him for his client, purchases bank-stock of the defendant for less than his client's claim, and takes the title in his own name, the statute of limitations begins to run, against the client's right to claim the stock as a trust for him, from the date of the purchase, and not from the time when he is notified of it.

ERROR to the Common Pleas of *Greene county.*

This action was brought 27th December, 1850, by Jonathan Garard, assignee of John Clymer, against R. W. Downey, for refusing to transfer ten shares of the stock of the Farmers' and Drovers' Bank of Waynesburg, claimed by the plaintiff. In 1844 Clymer held two judgments against Lot Lantz, amounting to about $150, and Downey was his attorney to collect them. He issued execution attachments, and the above-mentioned bank-stock was sold thereon, and purchased by Downey for $22, and trans-

[Downey v. Garard.]

ferred to him on the books of the bank in March, 1844. At the time of the sale the stock was worth $375, and it was alleged that the low price of the sale arose from the fact that Lantz was in debt to the bank, and this debt was a lien on the stock, and that this debt was paid by Downey, amounting to $229.

In March, 1848, Clymer made an agreement purporting to assign the stock to Jonathan Garard, who shortly afterwards demanded of Downey to transfer it to him, which was refused; Downey offering, however, to account to the plaintiff for the amount of the judgment on which the stock was sold. The defendant by his plea, and in his tenth point, relied upon the statute of limitations, and the Court held that it furnished him no protection. On the trial, the plaintiff was permitted to amend by making John Clymer plaintiff for the use of Garard, and obtained a verdict and judgment for $320, and the defendant sued out this writ of error. The argument in this Court was limited to these two points.

*Marsh*, for plaintiff in error.

*Howell* and *Montgomery*, for defendant in error.

The opinion of the Court was delivered by

LOWRIE, J.—We regard the amendment as having been properly allowed. The statutes of 1846 and 1852 are certainly broad enough, especially under the liberal construction to which, as remedial statutes, they are entitled, to cover such professional blunders, and there are many decisions and other statutes speaking the same language: Act 24th March, 1818, s. 7: *Brightly's Purdon* 19, § 2; 13 *State Rep.* 60; 14 *Id.* 69; 11 *Id.* 147; 6 *Id.* 377; 6 *W. & S.* 46.

Our next question is, in a case where an attorney, on a process issued by him for his client, purchases bank-stock of the defendant for less than his client's claim, and takes the title in his own name, does the statute of limitations begin to run against the client's right to claim the purchase as a trust for him, from the date of the purchase, or does it not begin to run until the client is notified of the purchase?

The principle here involved is not different from that where an attorney collects money for his client; and on this point our decisions do not agree together; saying at one time that the statute begins to run from the collection of the money: 1 *Watts* 275; 4 *State Rep.* 58; and at another, only from notice to the client of such collection: 7 *State Rep.* 31; 8 *Id.* 190. The statute however speaks no ambiguous language, but requires the time to count from the accruing of the action. It has been suggested that an attorney ought to be an exception to this rule; else he may gain

[Downey *v.* Garard.]

by his own negligence and even dishonesty. But when we notice that all actions on the case, including such elements as fraud, deceit, malice, conspiracy, wrongful conversion, negligence, slander, libel, nuisance, &c., are within the very terms of the statute, we do not readily perceive how mere negligence can make a case an exception, as not embraced within its spirit.

It is, therefore, quite in harmony with the statute that it is decided that the limitation runs in favor of an attorney from his negligence or other breach of duty, and not merely from the consequences or discovery of it: 6 *Eng. C. L. R.* 25, 158; 11 *Id.* 219; 4 *Pet.* 172; 4 *Alab.* 493; 2 *McMullan* 171; and more especially that it runs from the date of money collected: 15 *Wend.* 302; 1 *Rand.* 284; unless the collection be fraudulently concealed: 5 *Eng.* 228; though to save him from costs and annoyance, he is not liable to an action until demand, or notice to remit : 5 *Cowen* 376.

And so also it is when a sheriff collects money: 9 *State Rep.* 120 ; 9 *Geor. R.* 413; or defectively executes a writ; 17 *Mass.* 60; 13 *Id.* 169; 16 *Id.* 456; 8 *Shep.* 314; 12 *Id.* 308; and if he takes insufficient bail, the statute runs from the time when action would have accrued against the bail: 9 *Met.* 564; 12 *Mass.* 127. And so it runs in favor of officers generally, from the breach of duty complained of: 6 *Cowen* 238; 6 *Hare* 386; and in favor of agents generally from the collection of money ; 1 *W. & S.* 112; 1 *Gill* 234; 2 *Richardson* 133; and from the breach of duty; 1 *Sand. S. C. R.* 98; 2 *Strob.* 344; 4 *Strob. Eq.* 207.

If the statute protects official and private agents alike in such cases, it is not easy to see why attorneys should be an exception. They are just as liable as other men to lose receipts and other vouchers, and notice that a claim has been collected ought to be presumed on the same time that satisfaction is presumed. And if negligence cannot be complained of after six years, how can negligence in giving notice of the collection be set up as a bar to the running of the statute?

And the plaintiff's case is not aided by the attempt to place it on the ground that the defendant became his trustee of the stock. He was not so until the plaintiff elected to take the stock instead of the price at which it was sold. And if it was, it was not one of those trusts that is peculiarly cognisable in equity, and therefore, as it relates to personal property, it is within the six years' limitation : 1 *Watts* 275; 1 *W. & Ser.* 118; 16 *Ser. & R.* 379; 7 *State Rep.* 31. We think, therefore, that the Court was in error in not affirming the defendant's tenth point.

Judgment reversed and a new trial awarded.

BLACK, C. J., dissented.