| 202 | 94 |
|------|-----|
| d206 | 312 |

| 202 | 94 |
|------|-----|
| 36 SC | 622 |

## Guarantee Trust and Safe Deposit Company, Appellant, *v.* Farmers and Mechanics National Bank.

*Statute of limitations—Wrongful act of transfer agent.*

Where the transfer agent of the commonwealth wrongfully transfers loans of the commonwealth, the statute of limitations, in the absence of concealment, runs from the date of the commission of the wrongful act, and not from the time that it was discovered.

Argued Jan. 16, 1902. Appeal, No. 118, Jan. T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1896, No. 451, sustaining demurrer in case of Guarantee Trust and Safe Deposit Company, Trustee and Administrator d. b. n. c. t. a. of Mary Baker, Deceased, v. Farmers and Mechanics'

National Bank. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Demurrer to statement in trespass.
The opinion of the Supreme Court states the case.

*Error assigned* was judgment sustaining demurrer.

*John Hampton Barnes*, and *John G. Johnson*, for appellant. —As transfer agent the defendant was the trustee of the plaintiff's title: Penna. Co. v. Franklin Fire Ins. Co., 181 Pa. 45.

If the fact be that it did make a wrongful transfer, it was unfaithful to its trust and the statute does not run in favor of the trustee until after the cestui que trust has had an opportunity of asserting his right: Estate of Bear, 9 Pa. Superior Ct. 492; Olinger v. Shultz, 183 Pa. 469; Semple v. Callery, 184 Pa. 95; Miles v. Vivian, 79 Fed. Repr. 848; Miller v. Dell, L. R. 1 Q. B. 468; Frishmuth v. Farmers L. & T. Co., 95 Fed. Repr. 5; Lewey v. Fricke Coke Co., 166 Pa. 536; Del. & Hudson Canal Co. v. Hughes, 183 Pa. 66; Leinhart v. Forringer, 1 P. & W. 492; Lichty v. Hugus, 55 Pa. 434; Fox v. Cash, 11 Pa. 207; Mitchell v. Buffington, 10 W. N. C. 361; Lehigh Coal & Nav. Co. v. Blakeslee, 189 Pa. 13.

*R. L. Ashhurst* and *Richard C. Dale*, for appellee.—The statement was demurrable upon its face, because it clearly appears that the alleged wrongs complained of took place more than six years before the issue of the writ: Barton v. Dickens, 48 Pa. 518; Bree v. Holbech, 2 Douglas, 654; Leather Mfgs. Bank v. Merchants' Bank, 128 U. S. 26; Battley v. Faulkner, 3 B. & Ald. 238; Miller v. Adams, 16 Mass. 456; Rankin v. Woodworth, 3 P. & W. 48; Short v. McCarthy, 3 B. & Ald. 626; Howell v. Young, 5 B. & C. 259; Brown v. Howard, 2 Broad. & Bing. 73; Smith v. Fox, 6 Hare, 386; Wilcox v. Plummer, 4 Peters, 172; Downey v. Garard, 24 Pa. 53; Campbell v. Boggs, 48 Pa. 524; Funk v. Smith, 66 Pa. 27; Rhines v. Evans, 66 Pa. 192; Moore v. Juvenal, 92 Pa. 484; Johnston v. McCain, 188 Pa. 513; Owen v. Western Saving Fund, 97 Pa. 47; Binney v. Brown, 116 Pa. 169; Lehigh Coal & Nav. Co. v. Blakeslee, 189 Pa. 13; Sankey v. McElevey, 104 Pa.

265 ; Hollinshead's App., 103 Pa. 159 ; Morrell v. Trotter, 12 W. N. C. 143 ; Musselman v. Eshleman, 10 Pa. 394.

OPINION BY MR. JUSTICE BROWN, March 24, 1902:

The judgment of the court below was for the defendant on the demurrer. Several causes of demurrer were assigned, but the real question was as to the bar of the statute of limitations. As the record came to us, the judgment for the defendant was improperly entered ; for, though charged with having wrongfully transferred $15,000 of the loans of the commonwealth on April 30, 1890, plaintiff makes a still further claim, based upon the alleged improper transfer of $900 of these loans on September 6, 1890. Suit was brought July 7, 1896, within six years of the last transfer, and the action was not barred as to it, even if the statute was a defense to the claim for damages resulting from the transfer made in April. But, by stipulation filed, the record has been put in such shape that we can pass upon the single question of the application of the statute to the transfers made in April, the $900 item having been eliminated by agreement and made the subject of a second suit.

The appellee was the agent of the commonwealth in connection with its loans. What the relation was between the two distinctly appears in appellant's statement, admitted by the demurrer to be true : "By certain acts of assembly of the state of Pennsylvania it was duly appointed the transfer agent of the commonwealth of the state of Pennsylvania, with power and authority to keep the transfer books of the loan of the commonwealth and to issue certificates therefor. It was such agent at the time of the making of certain transfers hereinafter complained of. As such loan and transfer agent the said bank was charged with the payment of interest upon the loans of the state of Pennsylvania, and with the making, recording and registering of all transfers of the certificates therefor ; and by virtue of the said authority was the transfer agent of the state of Pennsylvania for the transfer of the loans hereinafter referred to, held by the estate of Mary Baker, deceased, and had charge of the transfer books thereof." The commonwealth, instead of making the transfer of its loans itself, has constituted the Farmers and Mechanics National Bank its agent for that purpose, and the holders of the certificates, when wishing to trans-

fer them, go to this agent, that the proper entries may be made on the transfer books, and, upon surrender of the certificates, new ones are issued to the transferee. The appellee owed no duty to the Baker estate, except when, as the holder of the certificates of the commonwealth's loans, it wished to transfer them, the bank was required to make the proper entry of transfer upon the transfer books and issue new certificates to the purchasers. It is not alleged that any fiduciary relation existed between them, and the contention that the statute of limitations is not a bar, because a trust existed, cannot be sustained. The single question is, whether the statute runs from the date of the commission of the wrongful act complained of or from the time it was discovered.

The words of our statute, identical with the English statute of James, are, that a suit like this "shall be commenced and sued . . . . within six years next after the cause of such action or suit, and not after." Damages for which trespass lies, may result from the omission to perform some duty, or from the commission of some overt act. When they result from the former cause, they are, at times, not direct, but consequential, and are not known to have been sustained until some time after the failure or omission to do what ought to have been done; but the statute runs from the omission to perform the duty, which is the breach of it. In illustration, an attorney may neglect to bring suit on a claim placed in his hands for collection; but, in the absence of fraud or concealment on his part, the statute runs from the time he ought to have brought suit, without regard to the time when the client discovered his omission of duty or the date of the consequences. Breach of duty is the cause of action, which is not to be confounded with the consequences that flow from it. The statute speaks of it and runs from it—not from the time results are revealed or become definite. In Wilcox v. Plummer, 4 Peters, 172, a note had been placed in the hands of an attorney for collection. He neglected to sue until too late, and it was held that the statute ran from the original negligence in not suing, and not from the time when the claim against the debtor was ascertained to have been lost. In Moore v. Juvenal, 92 Pa. 484, the action against the attorney was for negligence in not suing a railroad company in time; but, as there

had been no concealment by him of his failure to institute the suit, in deciding that the right of action arose as soon as the attorney had been negligent, it was said by the late Chief Justice STERRETT : " Where the declaration, as in this case, alleges a breach of duty and a special consequential damage, the breach of duty and not the consequential damage is the cause of action, and the statute runs from the date of the former, and not from the time the special damage is revealed or becomes definite." Rhines v. Evans, 66 Pa. 192, was a case in which an attorney had been negligent in not bringing suit for the collection of a due bill, and it was there said by AGNEW, J., that the cause of action against the attorney arose at the time he failed to perform his duty by bringing suit, which was a reasonable time after the due bill had been placed in his hands for collection, the following words being used : " Under these circumstances, when did the statute of limitations begin to run ? All the authorities agree in this, that it began when the cause of action first arose—that is, when Evans first became liable to Rhines for neglecting to collect the money : Campbell's Admrs. v. Boggs, 48 Pa. 524 ; Downey v. Garard, 24 Pa. 52 ; Morrison's Admrs. v. Mullin, 34 Pa. 17 ; Barton v. Dickens, 48 Pa. 518." Short v. McCarthy, 3 B. & Ald. 626, was an action against an attorney who neglected to properly search the stock register at the Bank of England, and, by his neglect, his client sustained damage. It was held the cause of action was the original search, not the damage, and that want of knowledge by the client could not take the case out of the statute. So, when an attorney receives money for his client, the statute, in the absence of any concealment by him that the money has been paid to him, runs from the time he receives it : Campbell's Admrs. v. Boggs, 48 Pa. 524 ; Stafford v. Richardson, 15 Wend. 306 ; Agnew v. Fetterman, 4 Pa. 58. If this is true of the statute where recovery is sought for damages resulting from the omission to perform some duty, a fortiori, it ought to be, and is, true when they flow from the actual commission of some wrongful act.

Here, the damages sustained are the consequences of an overt wrongful act of the appellee in practically taking from the Baker estate its certificates of the commonwealth's loans and transferring them to another. The injury to the appellant's estate

was done the instant the wrongful transfer was made, and the damages were then definitely ascertained. Though plaintiff's real cause of action arises from the bank's negligence in carelessly making the transfer, for the purpose of determining the question before us, the appellee may be regarded as guilty of trover and conversion; but it did not conceal what it had done, nor did it, at any time after the transfer, practice deception that ought to be regarded as its fraud, depriving it of the protection of the statute. That it is protected, is settled both in England and in this country, and, if it were not settled, there can be no conceivable reason why the plain words of the statute should not be read as they are written. We are, therefore, relieved from the necessity of further discussing the question, and need do no more than call attention to several of the many authorities which have conclusively settled it.

In Downey v. Garard, 24 Pa. 53, an attorney sold a defendant's bank stock under execution for a low price and bought it in his own name, and it was held that the client's right to claim the stock was barred by the statute, which ran from the sale and purchase by the attorney, and not from the time the client learned the fact. In Owen v. Western Savings Fund, 97 Pa. 47, the recorder of deeds had given a false certificate of search, and, in a suit by the plaintiff to recover damages suffered by reason of the false certificate, the statute ran from the time the false search was made and the certificate given, there being no charge of fraud against the recorder, and it was said: " Undoubtedly the cause was the issuing the false certificate, and the right of action accrued to the plaintiff just as soon as it parted with its money on the faith of it, and, as a consequence, from that period, the statute began to run ; . . . . special damage is a result, not a cause, . . . . as said in Howell v. Young, 5 B. & C. 259, the gist of the action being the misconduct of the defendant." The case of Howell v. Young was an action against an attorney for negligence in accepting a certain mortgage as sufficient security, and it was held that the action arose from the taking of the mortgage, not from the loss or discovery of insufficiency, and was, therefore, barred by the statute. In Granger v. George, 5 B. & C. 149, the action was in trover, and the statute ran from the time of the conversion, notwithstanding the plaintiff's ignorance of the fact of the conversion. In

the late case of Noonan v. Pardee, 200 Pa. 474, where the action was for a failure to afford the surface sufficient support at the time when the coal was removed, we held, in an opinion by our Brother DEAN, that, though the owner of the surface may have been ignorant of the violation of his right to support for his surface, the right of action arose when the mine operator failed to furnish it, without regard to the time when the damages were sustained.

The appellee is charged with a tort, without any allegation of fraud on its part in concealing what it had done. The effect of the wrong was sustained by the Baker estate the instant it was committed, and, under the facts which the pleadings admit, the statute being a barrier in the way of appellant's right to recover, the judgment for the appellee on the demurrer is affirmed.