ALFRED C. LAYMAN *vs.* F. F. SLOCOMB AND COMPANY, INC., a corporation of the State of Delaware.

*Trover—Conversion of Property—How Shown—Demand and Refusal—Evidence—Ownership of the Property—Possession—Measure of Damages.*

1. The gist of the action of trover is the wrongful conversion of the property of the plaintiff by the defendant, and it may be shown by any competent proof of the actual fact of its appropriation by the defendant to his own use. It may be proved, *prima facie*, by a demand upon the defendant for the property and his refusal to deliver it.

2. While such demand and refusal may not of themselves constitute a conversion, they are nevertheless proper and competent evidence to be submitted to the jury, and to be considered by them in determining whether there was a conversion.

3. In an action of trover, brought to recover the value of certificates of stock, the measure of damages is the value of the stock at the time of its conversion.

4. In determining whether there was a conversion of the certificates by the defendant, the jury may consider any act of control or dominion exercised by the defendant over the certificates without the plaintiff's authority or consent, and in disregard, violation or denial of his rights as a stockholder of the company. But all such evidence may be rebutted.

5. In order for the plaintiff to recover in an action of trover for the value of stock certificates, it is necessary that he should prove that the property in, or ownership of, the certificate, was in him, and that he had a right to their possession at the time of the alleged conversion of them by the defendant, and also that the defendant wrongfully converted the same to its own use.

(*January* 25, 1909.)

LORE, C. J., and PENNEWILL, J., sitting.

*Charles F. Curley* and *George L. Towsend, Jr.*, for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, January Term, 1909.

ACTION OF TROVER (No. 94. June Term, 1908), brought to

recover the value of two certificates of the capital stock of said defendant corporation, alleged by the plaintiff to have been converted by the defendant to its own use.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—The case which you are trying is known in the law as an action of trover, and was brought by the plaintiff against the defendant corporation to recover the value of two certificates of the capital stock of said corporation which the plaintiff alleges were converted by the defendant to its own use. One of the said certificates is for three shares and bears date August 9, 1905, and the other is for twelve shares and is dated November 1, 1907.

The plaintiff contends that the said certificates were duly issued to him and receipted for, and that he left them for safe keeping in the possession of the defendant to be kept in its fire proof safe, and for no other purpose. He insists that he was the absolute owner of the certificates and entitled to their possession at the time of their alleged conversion December 2, 1907; at which time he claims that he made a demand upon the defendant for the delivery to him of the certificates, but that the defendant refused to so deliver them.

It is admitted by the defendant that the book value of the stock in question, as shown by a statement of the financial condition of the defendant corporation as of October 31, 1907, was $125.00 per share.

The defendant does not deny that two certificates for the aggregate number of fifteen shares of its capital stock were made out in due form in the name of the plaintiff, but denies that the plaintiff at the time of their alleged conversion was the owner thereof, or had a right to their possession.

It is claimed by the defendant that at or about the time the said certificates were made out the plaintiff agreed that he would hold the stock only so long as he continued in the employment of the defendant, and that such employment ceased before the time

of demand and refusal.

The defendant also contends that such agreement was made by the plaintiff verbally to F. F. Slocomb, and admitted to others; and also that such agreement is evidenced by certain entries made in pencil at the bottom of the certificates by Slocomb, (who was the president of the defendant corporation), with the knowledge and approval of the plaintiff.

Such entries are in the following language:

On one of the certificates—"On leaving employ of company the shares to revert to F. F. Slocomb."

On the other certificate—"The shares to revert to F. F. Slocomb should A. C. L. leave employ of company."

The plaintiff denies that he ever made, or consented, to such an agreement, or that he had any knowledge of said entries until a long time after they purport, or are alleged, to have been made.

The gist of the action of trover is the wrongful conversion of the property by the defendant, and it may be shown by any competent proof of the actual fact of its appropriation by the defendant to his own use. It may be proved, *prima facie*, by a demand upon the defendant for the property and his refusal to deliver it.

*Stewart vs. Bright*, 6 *Houst*. 344.

And, as was said by Chief Justice Cooley in the case of *Daggett vs. Davis*, 53 *Mich*. 35, "while such demand and refusal may not of themselves constitute a conversion they are nevertheless proper and competent evidence to be submitted to the jury, and to be considered by them in determining whether there was a conversion."

In the latter case the Court did say that if the conversion was made out the plaintiff was not entitled to recover the market value of the shares. But such ruling was based upon the particular and peculiar facts of that case, the Court saying, "the plaintiff has all the while remained, and still is, the owner of the shares, and the defendant will not by the recovery become owner."

The Michigan case is manifestly different from the one before us; and, moreover, our own Court in the case of *Stewart vs.*

*Bright* above mentioned, which was an action of trover for the conversion of certificates of stock, as is the present one, held that the measure of damages was the value of the stock at the time of its conversion.

We may say to you also that in determining whether there was a conversion of the certificates by the defendant you may consider any act of control or dominion, if any there was, over the certificates by the defendant, without the plaintiff's authority or consent, and in disregard, violation or denial of his rights as a stockholder of the company.

But all such evidence may be rebutted, and it is for you to say whether it has been in this case.   If you find that the certificates in question did not belong to the plaintiff after he left the employ of the defendant, and at the time of the alleged demand and refusal, then there was no wrongful conversion and your verdict should be for the defendant.   Or if you should find that there was a conversion of the certificates, but that they were at the time of such conversion in the possession of F. F. Slocomb individually and were so converted by him and not by the defendant corporation acting by and through F. F. Slocomb its president, your verdict should be in favor of the defendant; because in order for the plaintiff to recover in this action it is necessary that he should have proved to your satisfaction that the property in, or ownership of, the certificates of stock was in him, and that he had a right to their possession at the time of the alleged conversion of them by the defendant, and also that the defendant corporation wrongfully converted the same to its own use.

If you are satisfied by a preponderance of the evidence in this case that the property or ownership of the certificates of stock, or either of them, was in the plaintiff at the time of the demand and refusal, that is, on December 2, 1907, the time of the alleged conversion; and that he the plaintiff then had a right to the possession of them, or either of them, and shall also believe that the defendant, then having the possession of the certificates, wrongfully converted the same to his own use, your verdict should be in favor of the plaintiff, and for such sum as you believe from

the evidence was the value of such shares of stock at the time of the conversion.

Whenever the evidence is conflicting, it is your duty to reconcile such conflict if you can, but if you cannot do so you should accept that testimony which you consider most credible, and entitled to your belief.

(At the above trial the jury disagreed. At a subsequent trial on March 15, 1909, the jury again disagreed. At a third trial, on May 28, 1909, a verdict was rendered in favor of the plaintiff for $376.17.)