## Stewart's Estate

*Warren A. Keck, Jr.*, for petitioners.
*Robert M. Gilkey* for respondent.

BRAHAM, P. J., fifty-third judicial district, specially presiding, September 14, 1943.—This is a petition by two of three trustees of a fund established under the will of Elizabeth Stewart for dismissal of the third trustee for failure to follow the majority vote of the trustees and sign checks for disbursements from the fund.

It becomes important to consider the exact manner of founding and nature of the fund. Item II of the will of Elizabeth Stewart provided as follows:

"Item II. I authorize my executor to establish a fund of fifteen thousand ($15,000.00) dollars to be known as the 'Elizabeth Stewart Fund' to aid in the education of young men and women, and to organize or name an association or corporation to carry on this bequest. I would like that this bequest be used in such a way as to lend or give to young men and women who show sufficient character and self helpfulness that they will be able to furnish at least a substantial part of the funds necessary for their education themselves. My suggestion is that this fund be spent in say twenty or twenty-five years and that no effort be made to make it perpetual. I would like that the preference be given to my kin folk, so far as this can reasonably be done. I would like that my good friend, Marietta G. Roth, be one of the persons to help in carrying out this idea, not for the purpose of giving her an income, but because I believe she will find pleasure in doing such work".

On May 1, 1936, E. S. Templeton, the executor of her will, after reciting this provision, provided as follows:

"Now, Therefore, I, E. S. Templeton, Executor of said last Will and Testament of Elizabeth Stewart, de-

ceased, under and by virtue of the power and authority vested in me by the above recited Item II of said Last Will and Testament, do hereby establish a Fund of fifteen thousand ($15,000) dollars to be known as the 'Elizabeth Stewart Fund' for the purposes therein set forth, and I do hereby name T. C. Whiteman, T. R. Thorne and Marietta G. Roth, as an association or trustees to carry out said bequest in accordance with the desire of the testatrix as expressed in her said Will.

"And I do further hereby provide in case of a vacancy in said association or trustees by death, resignation or otherwise, that the surviving trustees be empowered to fill said vacancy".

The trustees thus appointed proceeded to act without any formal organization. No rules or bylaws were drawn up nor officers elected; but all three trustees did unite in appointing one of their number, T. R. Thorne, custodian of the funds, and in signing an agreement with the bank that the signatures of the three trustees would be necessary to withdraw funds. Applications for assistance from the fund were prepared, many young people applied for, and 16 were granted, aid.

The first difficulty among the trustees seems to have been caused by a difference of opinion regarding the help to be given certain kinsfolk of the deceased, she having provided that her kin should be preferred in receiving aid from the fund. In particular certain Hawes boys whose mother was a cousin of Elizabeth Stewart in some undisclosed degree were the subject of dispute. One of the trustees, T. C. Whiteman, strongly favored giving more help than was approved by Marietta G. Roth, another of the trustees. The third, T. R. Thorne, apparently agreed with Whiteman. The differences of opinion became so acute that no application could be unanimously agreed upon, the bank would not honor the withdrawals signed by only a majority, Mr. Thorne resigned as trustee, Arba H. Derr was appointed in his place, yet the deadlock continues. $11,-488.92 of the original $15,000 remains undistributed.

The present petition has been filed by T. C. Whiteman and Arba H. Derr for the removal of Marietta G. Roth. The petition alleges Miss Roth's refusal to abide by a majority vote of the trustees as the reason for her removal, but the evidence relates more to her refusal to approve additional aid to the Hawes boys, attributing her action to religious prejudice against the boys' father. The only witness to testify was T. C. Whiteman. Miss Roth was represented by counsel but she was not present and no evidence was offered on her behalf. No briefs were filed and but little oral argument had on the law of the case, hence it is somewhat difficult to determine how much of the present difficulty turns about uncertainty as to the law.

The controlling question of law is whether, in a trust of this kind, all of the trustees must act or only a majority of them. Counsel for Miss Roth have cited certain cases for the proposition that all must join, among them De Haven v. Williams et al., 80 Pa. 480, which relates to executors, and Kingsley v. School Directors, 2 Pa. 28, which relates to a charitable trust.

It is well settled as a general rule that trustees must act unanimously: A. L. I. Restatement of Trusts 516, §194; Dorrance's Estate, 333 Pa. 162, 166; Foulke's Estate, 334 Pa. 186, 192; Morley v. Carson, 240 Pa. 546; Vandever's Appeal, 8 W. & S. 405, 409; 3 Bogert on Trusts and Trustees 1757, §554.

To this general rule there is a well-known exception. It may be stated in the words of the Restatement of Trusts, 1178, §383, as follows:

"If there are several trustees of a charitable trust, the powers conferred upon them can properly be exercised by a majority of the trustees, unless it is otherwise provided by the terms of the trust.

*"Comment:*

*a.* The rule in the case of charitable trusts is different from the rule in the case of private trusts. The powers conferred upon the trustees of a private trust

can properly be exercised only by all the trustees, and not by a majority of them, unless it is otherwise provided by the terms of the trust (see §194)."

This is supported by the weight of authority generally. One of the leading cases is Boston v. Doyle et al., 184 Mass. 373, 68 N. E. 851, in which Benjamin Franklin's will was up for consideration. See also 2 Bogert on Trusts and Trustees 1220, §391, 2 Scott on Trusts 1053, §194, and 4 Pomeroy's Equity Jurisprudence (5th ed.) 159, §1060a.

Is the trust established under the will of Elizabeth Stewart a charitable trust or a private trust? Undoubtedly a trust for the education of the youth generally is a charitable trust: Price et al. v. Maxwell et al., 28 Pa. 23. Clearly also a trust for the education of testator's kin is not a charity: White's Estate, 340 Pa. 92; Wright's Estate, 284 Pa. 334, 339. Nor is there any doubt as to the law where charitable and private purposes are combined; the trust fails as a charity: 10 Am. Jur. 655, §100; A. L. I. Restatement of Trusts 1198, §398; 131 A. L. R. 1277, annotation.

In the present case are charitable and private purposes so far mingled that the whole becomes private? We believe not. The rule as relates to the effect of a provision granting preference to her kin is stated in A. L. I. Restatement of Trusts 1161, §375 as follows:

"A trust is not a charitable trust if the persons who are to benefit are not of a sufficiently large or indefinite class so that the community is interested in the enforcement of the trust. . . .

"c. *Where class of beneficiaries is limited.* When the beneficiaries of the trust are limited to such a small class of persons that the enforcement of the trust is not of benefit to the community, the trust is not a charitable trust even though the purpose of the trust is the relief of poverty or the advancement of education or religion or health. Thus, a trust to assist needy descendants of the settlor, or to educate descendants of the set-

tlor, is not a charitable trust. On the other hand, a trust for the relief of poverty or the advancement of education which is not so limited, is none the less a charitable trust although by the terms of the trust preference is to be given to descendants of the settlor."

This is the rule of Wright's Estate, supra, a case from Mercer County, in which it was ruled that the paramount intent of the testator to found an educational charity was not defeated by an incidental provision in favor of nephews and nieces.

Our conclusion that this is a charitable trust and therefore only a majority vote of the trustees is required is fortified by the language of the testator indicating a corporation as perhaps the appropriate trustee. She was bound to know that a corporation acts on the majority principle.

Enough has been said to indicate our view that a majority vote should control the trust, but that the case is not one free from doubt. Therefore Marietta G. Roth should not be dismissed at this time because of a possible erroneous view of a debatable question of law. This legal problem has been discussed herein perhaps more than the situation warrants because the other trustees seemed more affected by Miss Roth's failure to approve additional allowances to the Hawes boys. The trustee could not be removed because she honestly differed as to the amount to be given this family (the answer sets up that $2,000 was given in one year) because it is the essence of the power of a trustee to use discretion. Elizabeth Stewart mentioned Marietta G. Roth as one of the persons who should administer the trust, doubtless because Miss Roth knew the family of the testatrix and because the testatrix had confidence in her judgment.

But the trustee may be removed for failure to act according to majority rule. "Unreasonable or corrupt failure to co-operate" is the language of the Restatement of Trusts 280, §107.

532

The joint control agreement signed to govern the bank account is not of decisive importance. It is but a device. The true source of authority and the true measure of restraint are found in the terms of the trust. Therefore, if the trustees vote for a certain disbursement it is Miss Roth's duty to coöperate by signing checks. If she further fails and refuses she may be removed.

This case might better have been brought as a proceeding under the Declaratory Judgment Act, praying for a declaration as to the law governing the parties. We have decided so to treat it. It is our hope that by clearing up the point of confusion the trustees may be able to act in harmony. Entertaining these views we make the following

*Order*

Now, September 14, 1943, this petition for dismissal of Marietta G. Roth is dismissed without prejudice to the right of petitioners to renew the petition in case there should be a continued refusal to coöperate. The costs are placed upon the trust fund.