AMEDO MASTELLONE v. ARGO OIL CORPORATION, a corporation of the State of Delaware.

(*September* 27, 1950.)

RICHARDS, C. J., sitting.

*Arthur G. Logan* and *Samuel R. Russell* for the Plaintiff.

*Daniel F. Wolcott* (formerly of the firm of Southerland, Berl and Potter) for the Defendant.

Superior Court for New Castle County, No. 359, Civil Action, 1949.

RICHARDS, C. J.:

The plaintiff, Amedeo Mastellone, purchased one hundred shares of the capital stock of Argo Oil Company, on May 3, 1929. Ten of said shares were represented by stock certificate number TO3327 which was registered on the books of the company in the name of Arthur Hinds, and the remaining ninety of said shares which are the subject of this controversy, were represented by certificate number TO2759 which was registered on the books of the company in the name of the brokerage firm of A. A. Hall and Company.

For the purpose of continuing in business, Argo Oil Company and Argo Royalty Company entered into an agreement of consolidation or merger on October 2, 1936, under the name of Argo Oil Corporation, as provided by section 59 of the Corporation Law of this State, Rev. Code 1935, § 2091.

This agreement provided, that each shareholder of Argo Oil Company should receive in exchange for each share of stock held by him in said company, as shown by the books of the company at the close of business on November 2, 1936, one fully paid share of stock of the Argo Oil Corporation. The agreement further provided, that on and after November 5, 1936, certificates representing said shares of stock in Argo Oil Corporation should be delivered to each shareholder of Argo Oil Company, by the Secretary of Argo Oil Corporation, upon the surrender to said secre-

tary at the office of the corporation, at 1104 First National Bank Building, Denver, Colorado, of certificates representing an equal number of shares in Argo Oil Company.

A. A. Hall and Company received notice of the merger of Argo Oil Company and Argo Royalty Company into Argo Oil Corporation, and was informed that it was entitled to exchange the ninety shares of Argo Oil Company stock registered in its name on the books of the corporation, for a like number of shares of Argo Oil Corporation stock.

When this notice was received A. A. Hall and Company did not have in its possession the certificate for ninety shares of stock of Argo Oil Company registered in its name on the books of the company, it having been stolen by a discharged employee of the firm, indorsed in blank with the signature guaranteed by Kraft-Harris and Company, as appeared from answers to interrogatories made by A. A. Hall.

Under these circumstances, A. A. Hall, as president of A. A. Hall and Company, wrote to Argo Oil Company on November 30, 1936, requesting a new certificate for said ninety shares of stock in lieu of the certificate which had been stolen and offering to comply with the conditions imposed by the Company.

After A. A. Hall, on behalf of A. A. Hall and Company, made an affidavit and furnished a bond of indemnity as required by Argo Oil Company, a new certificate was issued to A. A. Hall and Company by Argo Oil Company for ninety shares of its stock, which was presented to Argo Oil Corporation, on December 23, 1936, by A. A. Hall and Company, and ninety shares of stock of Argo Oil Corporation received in exchange therefor.

On April 22, 1948, Argo Oil Corporation, the defendant, received a letter from Amedeo Mastellone, the plaintiff, addressed to Argo Oil Company, Inc., stating he was the holder of certificate number TO2759 for ninety shares of stock of Argo Oil Company,

and asking what it would be necessary for him to do to have the stock transferred to his name and collect the dividends thereon.

Mr. O. G. Martin, Vice-President of Argo Oil Corporation, replied to this letter telling the plaintiff that he should contact A. A. Hall and Company and ask Mr. Hall to deliver to him the certificate for ninety shares of Argo Oil Corporation stock which he received from Argo Oil Corporation, after giving a corporate surety bond, to replace the ninety shares of Argo Oil Company stock which he represented as lost or destroyed.

The plaintiff's attorney wrote to the defendant on July 29 and August 9, 1948, demanding that the ninety shares of Argo Oil Company stock be transferred to the plaintiff and that a new certificate for ninety shares of Argo Oil Corporation be issued to him in lieu thereof, or that the defendant pay him the value of the shares. This the defendant through its Vice-President, Mr. O. G. Martin, refused to do, consequently, the plaintiff brought this suit on May 5, 1949, for the conversion of the stock.

[1] The plaintiff contends, that the transaction by which A. A. Hall and Company obtained the certificate for ninety shares of stock of Argo Oil Company in place of the certificate for a like number of shares of stock of said company, which it represented as having been stolen, did not constitute a conversion. The reason assigned for this position is that after the merger became effective on November 9, 1936, the Argo Oil Company has no legal existence and could not convert anything. There is no doubt that after the merger became effective, Argo Oil Company could not operate as an independent organization as it did before, but it was necessary to transfer an outstanding stock certificate, which had been properly assigned, to the name of the holder. The holder of a certificate of stock issued by a corporation, which has been properly assigned to him, has a right to present it to the corporation for transfer to his name at any time; and where a corporation enters into a merger agreement with another corporation,

and no provision is made for the transfer of its outstanding stock, the corporation which issued the stock still has the power to transfer it and issue a new certificate.

The transaction by which A. A. Hall and Company received ninety shares of stock of Argo Oil Company to replace the ninety shares of stock of Argo Oil Company which it claimed had been stolen, was carried on with someone connected with Argo Oil Corporation, because Mr. O. G. Martin, Vice-President of Argo Oil Corporation, referred to it in his letter to the plaintiff of April 27, 1948, and mentioned the corporate surety bond which was given Argo Oil Corporation. The action taken by Argo Oil Corporation in 1936 when it issued ninety shares of its stock to A. A. Hall and Company in exchange for ninety shares of stock of Argo Oil Company, was a denial of the rights of the plaintiff and amounted to a conversion of his stock. The plaintiff was the holder of the original certificate for ninety shares of Argo Oil Company stock, being number TO2759, and under the terms of the merger agreement was entitled to exchange it for ninety shares of Argo Oil Corporation stock. The defendant recognized that the plaintiff had some right to the stock and required A. A. Hall and Company to give a bond of indemnity to protect it against any loss that it might sustain.

As was said in *Drug, Inc., vs. Hunt,* 5 *W. W. Harr.* 339, 168 A. 87, 93, "Generally speaking, any distinct act of dominion wrongfully exerted over the property of another, in denial of his rights, or inconsistent with it, is a conversion * * *; and this is true, though the property alleged to have been converted was not applied to the use of the defendant. * * *" *Layman v. F. F. Slocumb & Co.,* 7 *Penn.* 403, 76 *A.* 1094.

The following appropriate language is found in 6 Fletcher on Corporations, at page 6327: "The non production of the original certificates is notice to the corporation that a third party may have a superior title to it, and by transferring the stock without

it, it becomes liable to any person holding such certificate in good faith and under a superior title, whether it has notice of his rights, or not".

▮▮ I cannot agree with the contention of the plaintiff, that the conversion did not take place until 1948 when the defendant refused to recognize the plaintiff's demand to transfer ninety shares of stock of Argo Oil Corporation to him. In some cases a demand and refusal must be shown to support a charge of conversion but this is not necessary when the act claimed to have been committed amounts to a denial of the rights of the real owner; even though the party who committed it acted in good faith. *Drug, Inc. v. Hunt, supra;* 11 *Fletcher on Corporations, (Per.Ed.) Sec.* 5114.

Having found that the conversion occurred on December 23, 1936, when the defendant transferred ninety shares of stock of Argo Oil Corporation to A. A. Hall and Company, in exchange for ninety shares of stock of Argo Oil Company it now becomes necessary to consider the defendant's motion for summary judgment on the ground that the plaintiff's action is barred by the statute of limitations.

Paragraph 5129 of the Code of 1935, as amended by Chapter 115 of Volume 46 of the Laws of Delaware, provides that no action shall be brought after the expiration of three years from the accruing of such cause of action; subject to certain enumerated exceptions, which have no bearing on this case.

The defendant contends that the cause of action accrued at the time of the conversion, which I have found to be in 1936, and that the statute of limitations commenced to run at that time.

The plaintiff takes the position that he had no knowledge of the fact that a replacement certificate for ninety shares of Argo Oil Company stock had been issued to A. A. Hall and Company in 1936, and that the conversion did not accrue until 1948 when his

demand upon Argo Oil Corporation, to have ninety shares of stock of Argo Oil Corporation issued to him in exchange for the original certificate for ninety shares of Argo Oil Company stock which he held, was refused.

There are cases which support the plaintiff's position and hold that the statute of limitations does not begin to run until the holder of the original certificate has knowledge of the transfer of the stock to someone else. *Holly Sugar Corporation* v. *Wilson,* 101 *Colo.* 511, 75 *P.* 2d 149; *Sharon v. Kansas City Granite & Monument Co.,* 233 *Mo. App.* 547, 125 *S. W.* 2d 959; *Cleveland Mahoney Railroad Co.* v. *Robbins,* 35 *Ohio St.* 483.

■ The weight of authority, however, is in favor of the ruling, that ignorance of facts which constitute the cause of action will not postpone the operation of the statute of limitations; and that the cause of action accrues when the wrongful transfer of stock is made. When an illegal or unauthorized transfer of stock is made the statute of limitations begins to run at once regardless of whether the stockholder had knowledge of the transfer.

*Seymour* v. *Mechanics Metals Nat. Bank,* 199 *App. Div.* 707, 192 *N.Y.S.* 588; *Harper v. Harper,* 252 *F.* 39, 164 *C.C.A.* 151; *Coy* v. *E. F. Hutton & Co.,* 44 *Cal. App.* 2d 386, 112 *P.* 2d 639; *Biays* v. *Roberts,* 68 *Md.* 510, 13 *A.* 366; *Casper* v. *Kalt-Zimmers Mfg. Co.,* 159 *Wis.* 517, 149 *N.W.* 754; *Martucci v. Koppers Co.,* (*D.C.*) 58 *F. Supp.* 707; *Kelly v. Shropshire,* 199 *Ala.* 602, 75 *So.* 291; *Townsend v. Eichelberger,* 51 *Ohio St.* 213, 38 *N. E.* 207; *Weinstein v. Blanchard,* 109 *N.J.L.* 332, 162 *A.* 601; *Guarantee Trust & Safe Deposit Co.* v. *Farmers & Mechanics' Nat. Bank,* 202 *Pa.* 94, 51 *A.* 765; *Wise* v. *Delaware Steeplechase & Race Ass'n,* 28 *Del. Ch.* 532, 45 *A.2d* 547; *Short v. McCartley,* 3 *B. & Ald.* 626, 5 *E.C.L.* 360, 106 *F. Reprint* 789.

When the plaintiff's action was brought in 1949, more than three years had expired since the defendant's act of conversion in

1936 by transferring ninety shares of its stock to A. A. Hall and Company, consequently, said action was barred by the statute of limitations.

Defendant's motion for summary judgment is granted.